United States District Court
Southern District of Texas
FILED

FEB 15 2000

Michael N. Milby, Clerk.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MARIA CAVAZOS | § | |
| | § | |
| VS. | § | C.A. NO. C-00-034 |
| | § | |
| WAL-MART STORES, INC. | § | |
| WAL-MART STORES EAST, INC. | § | |
| AND WAL-MART ASSOCIATES, INC. | § | |

## DEFENDANTS' REPORT OF MEETING AND DISCOVERY/CASE MANAGEMENT PLAN UNDER FEDERAL RULE OF CIVIL PROCEDURE RULE 26

TO THE HONORABLE JUDGE OF SAID COURT:

Please be advised that an attempt was made on the 14th and 15th day of February, 2000, to contact David A. Sibley, counsel for the Plaintiff to conduct a conference call to discuss the nature and basis of the claims and defenses and the possibilities for a prompt settlement or resolution of the case, to make arrangements for the disclosures as required by Federal Rule 26 (a)(1), and to develop a proposed discovery/case management plan, but the undersigned was unsuccessful in his attempts. Defendants submit the following to the Court, as follows:

1.  State where and when the meeting of the parties required by Rule 26 was held, and identify the counsel who attended for each party.

    No meeting was held, but attempts were made by the undersigned on February 14 and 15, 2000 to contact counsel for Plaintiff, but was unsuccessful in reaching Plaintiff's attorney.

2.  List the cases related to this one that are pending in any state or federal court, with the case number and court.

    Defendant states none as concerns Wal-Mart Stores, Inc., Wal-Mart Stores, East, Inc. and Wal-Mart Associates, Inc.

1

ClickPDF - www.fastio.com

3.   <u>Briefly</u> describe what this case is about.

Defendants state this case concerns a claim where Plaintiff
alleges defamation.

4.   Specify the allegation of federal jurisdiction.

All parties who have appeared and answered agree that federal
jurisdiction is proper in that Plaintiff alleged amount of
damages exceeds the minimum jurisdiction amount as well as
there is diversity among all parties.

5.   Name the parties who disagree and the reasons.

Defendants state not applicable.

6.   List anticipated additional parties that should be included,
when they can be added, and by whom they are wanted.

None known by Defendants.

7.   List anticipated interventions.

None known by Defendants at this time.

8.   Describe class-action issues.

Defendants state none.

9.   State whether each party represents that it has made the
initial disclosures required by Rule 26(a).  If not, describe
the arrangements that have been made to complete the
disclosures.

Disclosures pursuant to Rule 26(a) will be made by the parties
by the following dates:

Defendants propose:

Plaintiff - March 1, 2000
Defendants - April 1, 2000

10.  Describe the proposed agreed discovery plan, including:

A.   Responses to all the matters raised in Rule 26(f).

Defendants propose:

Plaintiff - April 15, 2000
Defendants - April 30, 2000

2

ClibPDF - www.fastio.com

B.    When and to whom the plaintiff anticipates it may send
      interrogatories.

      Defendants propose:

      Plaintiff may send interrogatories to all Defendants
      parties by March 15, 2000.

C.    When and to whom the defendant anticipates it may send
      interrogatories.

      Defendants will send interrogatories by April 15, 2000.

D.    Of whom and by when the plaintiff anticipates taking oral
      depositions.

      Defendants propose:

      Plaintiff anticipates taking depositions of company
      representatives and persons with relevant knowledge of
      the defendants by May 1, 2000.

E.    Of whom and by when the defendant anticipates taking oral
      depositions.

      Defendants anticipate taking oral depositions of the
      plaintiffs by March 30, 2000 and the experts after they
      have been designated by the Plaintiffs but before the
      termination of discovery.  Plaintiffs anticipate taking
      the depositions of all defendants company representatives
      and persons with relevant knowledge by May 1, 2000.

F.    When the plaintiff (or the party with the burden of proof
      on an issue)  will be able to designate experts and
      provide the reports required by Rule 26 (a)(2)(B), and
      when the opposing party will be able to designate
      responsive experts and provide their reports.


      Defendants propose:

      Plaintiff and Defendants - June 30, 2000
      Responsive experts - July 15, 2000

G.    List expert depositions the plaintiff (or the party with
      the burden of proof on an issue) anticipates taking and
      their anticipated completion date.  See Rule 26 (a)(2)(B)
      (expert report).

3

Defendants propose:

Plaintiff and Defendants - July 30, 2000
Responsive experts - August 30, 2000

H.   List expert depositions the opposing party anticipates taking and their anticipated complete date.   See Rule 26(a)(2)(B) (expert report).

Defendants propose:

Plaintiff and Defendants - July 30, 2000
Responsive experts - August 30, 2000

11.   If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

Defendants state not applicable.   All parties that have appeared and answered have agreed.

12.   Specify the discovery beyond initial disclosures that has been undertaken to date.

Defendants state none.

13.   State the date the planned discovery can reasonably be completed.

Defendants state the Scheduling Order.

14.   Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

Defendants state the parties are still exchanging information regarding initial disclosures at which time there should be sufficient information for it to be known exactly who the manufacturer was of the products in question and all parties agree to work towards a prompt settlement or resolution of the case once discovery has been completed.

15.   Describe what each party has done or agreed to do to bring about a prompt resolution.

Defendants state communication with the parties, clients and initial disclosures.

16.   From the attorney's discussions with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.

4

Defendants state mediation would be the most reasonable and effective technique for Alternative Dispute Resolution.

17.   Magistrate judges may hear jury and non-jury trials.  Indicate the parties' joint position on a trial before a magistrate judge.

Defendants do not oppose to appear before a Magistrate Judge.

18.   State whether a jury demand has been made and if it was made on time.

Defendants state a jury demand was timely made.

19.   Specify the number of hours it will take to present the evidence in this case.

Defendants state twelve to fifteen hours.

20.   List pending motions that could be ruled on at the initial pretrial and scheduling conference.

Defendants state none.

21.   List other pending motions.

Defendants state none.

22.   Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the Court at the conference.

Defendants state none.

23.   Certify that all parties have filed Disclosures of interested Parties as directed in the Order of Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.

Defendants certify that Disclosures of Interested Parties have been filed.

5

24. List the names, bar numbers, addresses, and telephone numbers of all counsel.

David A. Sibley, Attorney at Law
State Bar No.: 18337600
Federal I.D. No.: 10053
P. O. Box 9610
Corpus Christi, Texas 78469-9610
(361) 882-2377
FAX: (361) 692-0142
Attorney for Plaintiff - Maria Cavazos

J. Chris Rodriguez, LAW OFFICES OF J. CHRIS RODRIGUEZ
State Bar No.: 17146700
Federal I.D. No.: 1899
615 Upper N. Broadway, Suite 1450
Corpus Christi, Texas 78477
(361) 888-9488
FAX: (361) 887-2177
Attorney for Defendants - Wal-Mart Stores, Inc., Wal-Mart Stores, East, Inc. and Wal-Mart Associates, Inc.

_____          2-15-00
J. Chris Rodriguez                        _____
Counsel for Defendants                    Date

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been served in accordance with the Federal Rules of Civil Procedure on this 15 day of February, 2000, to all counsel or record as follows:

Mr. David A. Sibley
ATTORNEY AT LAW
P. O. Box 9610
Corpus Christi, Texas 78469-9610
ATTORNEY FOR PLAINTIFF
**MARIA CAVAZOS**

_____
J. Chris Rodriguez

6