IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MARIA CAVAZOS | § | |
| | § | |
| VS. | § | C.A. NO. C-00-034 |
| | § | |
| WAL-MART STORES, INC. | § | |
| WAL-MART STORES EAST, INC. | § | |
| AND WAL-MART ASSOCIATES, INC. | § | |

## DEFENDANTS' FIRST AMENDED ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **WAL-MART STORES, INC., WAL-MART STORES EAST, INC. AND WAL-MART ASSOCIATES, INC.**, hereinafter referred to as Defendants, files this their First Amended Original Answer to Plaintiff's Original Complaint, and in conformity with the paragraphs contained in Plaintiff's Original Complaint, Defendants would respectfully show the Court as follows:

1. Defendant **WAL-MART STORES, INC.**, will admit that it is a Delaware Corporation with its principal place of business in Arkansas.

2. Defendant **WAL-MART STORES EAST, INC.**, will admit that it is a Delaware Corporation with its principal place of business in Arkansas.

3. Defendant **WAL-MART ASSOCIATES, INC.**, will admit that it is a Delaware Corporation with its principal place of business in Arkansas.

4. All Defendants admit that diversity jurisdiction exists pursuant to 28 U.S.C. §1332 and the amount in controversy claimed by

1

Plaintiff exceeds $75,000.00.

5. Defendants generally deny the allegations contained in Paragraph 5 of Plaintiff's Original Complaint, each and every, all an singular, general and specific, and upon this denial, demands a strict trial of the issues before the Court and to the jury.

6. Defendants generally deny the allegations contained in Paragraph 6 of Plaintiff's Original Complaint, each and every, all an singular, general and specific, and upon this denial, demands a strict trial of the issues before the Court and to the jury.

7. Defendants generally deny the allegations contained in Paragraph 7 of Plaintiff's Original Complaint, each and every, all and singular, general and specific, and upon this denial, demands a strict trial of the issues before the Court and to the jury.

8. Defendants generally deny the allegations contained in Paragraph 8 of Plaintiff's Original Complaint, each and every, all an singular, general and specific, and upon this denial, demands a strict trial of the issues before the Court and to the jury.

Pleading further, this party would state:

A Judgment against Defendants for punitive damages violates the Constitution of the United States and the Constitution of the State of Texas in each of the following respects:

(a) Any award of punitive damages is arbitrary, unreasonable, excessive and in violation of Defendant's rights to due process of law and equal protection of the law under the Fifth, Eighth and Fourteenth Amendments of the United States Constitution and Article I, Section 13 and Section 19 of the Texas Constitution.

(b) Due process requires that punitive damages against Defendant should be proven beyond a reasonable doubt under the Sixth Amendment of the United States

2

Constitution, or in the alternative, should be proven by clear and convincing standard of proof.

(c) Punitive damages under the Texas procedural law constitutes an excessive fine in violation of the Eighth Amendment of the Constitution of the United States.

(d) A Judgment against Defendant for punitive damages violates Section 4 of Article IV of the Constitution of the United States which guarantees to this state a republican form of government whereby a duly elected legislature and governor determine through the legislative process what acts, omissions, conduct or state of mind shall be punishable and the range of punishment that may be imposed; it being the function of the judicial branch to impose punishment subject to limitations established by the legislative and executive branches and the Constitution and organic laws of the State.

Alternatively, and without waiving the foregoing, pursuant to Section 41.007, Texas Civil Practice and Remedies Code, exemplary damages awarded against any defendant may not exceed four times the actual amount of damages or $200,000.00, whichever is greater. Pursuant to Section 41.009, Texas Civil Practice and Remedies Code, such limitations may not be known to the Jury.

9. Defendants can neither admit nor deny allegations and statements made in Paragraph 9 of Plaintiff's Original Complaint, having insufficient information in which to form a belief as to the truth thereof, and leaves Plaintiff to her proof.

10. Defendants generally deny the allegations contained in Paragraph 10 of Plaintiff's Original Complaint, each and every, all an singular, general and specific, and upon this denial, demands a strict trial of the issues before the Court and to the jury.

11. Pleading affirmatively, Defendants would show that Plaintiff failed to mitigate the alleged damages.

12. The undersigned attorney has informed counsel for Plaintiff of the filing of Defendants' First Amended Original Answer and he indicated no opposition.

WHEREFORE, PREMISES CONSIDERED, Defendants pray the Court that Plaintiff take nothing by her cause of action as against Defendants and that said Defendants go hence with costs and without day.

Respectfully submitted,

LAW OFFICE OF J. CHRIS RODRIGUEZ, P.C.
Wells Fargo Tower - Suite 1450
615 Upper N. Broadway
Corpus Christi, Texas  78477
361/888-9488
Fax:  361/887-2177

By: _____
J. Christopher Rodriguez
State Bar No. 17146700
Federal I.D. No. 1899
ATTORNEY FOR DEFENDANTS
**WAL-MART STORES, INC.**
**WAL-MART STORES EAST, INC.**
**AND WAL-MART ASSOCIATES, INC.**

### CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing instrument has been provided to all interested parties, by placing same in the U.S. Mail on this 28th day of June, 2000.

Mr. David A. Sibley
ATTORNEY AT LAW
P. O. Box 9610
Corpus Christi, Texas 78469-9610
ATTORNEY FOR PLAINTIFF
**MARIA CAVAZOS**

_____
J. Christopher Rodriguez

4