United States District Court
Southern District of Texas
FILED

**OCT 26 2000**

Michael N. Milby, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

MARIA CAVAZOS                     §
                                  §
VS.                               §          C.A. NO. C-00-034
                                  §
WAL-MART STORES, INC.             §
WAL-MART STORES EAST, INC.        §
AND WAL-MART ASSOCIATES, INC.     §

## DEFENDANTS' AMENDED MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendants, **WAL-MART STORES, INC., WAL-MART STORES EAST, INC. AND WAL-MART ASSOCIATES, INC.,** (herein referred to as "Wal-Mart") move this Honorable Court for Summary Judgment on Plaintiff's entire cause as against this party, pursuant to Federal Rule of Civil Procedure 56, and in support of the Motion would show the following:

1.

There are no genuine issues of material facts concerning Plaintiff's alleged cause of action against this party and Defendants are entitled to Judgment as a matter of law.

2.

In support of Defendants, **WAL-MART STORES, INC., WAL-MART STORES EAST, INC. AND WAL-MART ASSOCIATES, INC.'S** Amended Motion for Summary Judgment, the Defendants submit the following Summary Judgment evidence, viz:

        (1) excerpts from deposition of Maria Cavazos a true
            and correct copy of the entire deposition attached
            as Exhibit A;

1

31.

(2)  all pleadings and responses on file on this case which are incorporated by reference as if copied verbatim herein;

(3)  Plaintiff's Original Petition/Complaint which is incorporated by reference as Exhibit B, a copy herein;

(4)  Affidavit of J. Christopher Rodriguez, and a true and correct copy is attached as Exhibit C;

(5)  Affidavit of Ben Garcia, Store Manager and Custodian of Records for Wal-Mart Stores, Inc., and a true and correct copy is attached as Exhibit D.

(6)  Wal-Mart Stores, Inc.'s Cash Short/Long Policy a true and correct copy is attached as Exhibit E.

3.

This is a case in which Plaintiff alleges and claims damages arising out of her termination from employment with movant, claiming defamation and defamatory publications. Plaintiff worked as a cashier for the Wal-Mart store in Falfurrias, Brooks County, Texas and was terminated after an investigation failed to establish the reason for a cash shortage of $341.37 (Three Hundred and Forty-One Dollars and 37\100) from the cash register operated by Plaintiff. Wal-Mart Stores, Inc.'s policy as noted in Exhibit E is to terminate the employment relationship if shortage exceeds $100.00 (One Hundred Dollars and No\100).

4.

To be entitled to Summary Judgment, movant has the burden to establish that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. See <u>Nixon v. Mr. Property Management Company,</u> 690 S.W.2d 546, 548 (Texas 1985). The

Defendant moving for Summary Judgment must conclusively establish that there is no genuine issue of material fact as to at least one of the essential elements of the Plaintiff's case. See <u>Lear Siegler, Inc. v. Perez,</u> 816 S.W.2d 470 (Texas 1991). A Summary Judgment for the Defendant is proper if, as a matter of law, the Plaintiff cannot succeed on any theories pled. See <u>Delgado v. Burns</u>, 656 S.W.2d 428, 429 (Texas 1983). The Summary Judgment movant can utilize deposition testimony, affidavits, and written discovery in order to establish the evidence of genuine issues and material fact. See Federal Rule of Civil Procedure 56(c). See <u>Celotex Corp. v. Catrett,</u> 477 U.S. 317 at 324, 106 S. Court 2548, at 2552 (1986).

5.

There has been sufficient time since the filing of this lawsuit for the Plaintiff to have conducted enough discovery to produce evidence concerning this Defendant. Nevertheless, up until this time, the Plaintiff has produced no evidence of a duty owed by this Defendant to Plaintiff. There is no evidence that this Defendant breached any duty. Finally, there is no evidence that any breach proximately caused injuries alleged by the Plaintiff.

6.

**PLAINTIFF'S DEPOSITION TESTIMONY**

The sworn testimony by oral deposition of Maria Cavazos was taken on May 17, 2000 and is attached as Exhibit A.

In the deposition, Ms. Cavazos was asked various times how the

3

discrepancy was discovered, how she received word or notice of the discrepancy and how the termination was handled after the subsequent investigation.   Nowhere in her deposition is there evidence or testimony regarding any breach of the qualified privilege that the employer has to investigate employer wrong doing.

Ms. Cavazos testified regarding the manner in which she was told of the discrepancy or the shortage and was first informed by Marie Ison, Assistant Manager about the discrepancy by the service desk.  (See Cavazos deposition pg. 42/25 - 44/12).

The discrepancy was discovered by the Cash Office on or about February 17, 1999.  She states that the subsequent Friday she was told by the assistant manager that she needed to go to the office in the back to study the detail tape regarding the shortage.  (See Cavazos deposition pg. 44/17 - 50/3).  The only persons present were Lisa from the Cash Office and Marie Ison, Assistant Manager. They reviewed the detail tape and paper work regarding the discrepancy.  (See Cavazos deposition pg.  44/17 - 50/3).

Ms. Cavazos testified that there were no pulls or removals of large bills from her cash register during her work shift in question.   She describes the procedure for the placement of cash into the specific bag connected to each cash register.   (See Cavazos deposition pg. 50/14 - 53/22).  The bags are then taken to the Cash Office and counted the next day.

Ms. Cavazos testified that the Cash Office discovered the

4

discrepancy or shortage and reported it to members of management. (See Cavazos deposition pg. 55/9 - 57/2). Ms. Cavazos testified that the only persons present during any conversations or discussions regarding this incident were Mr. Ben Garcia, Store Manager and Marie Ison, Assistant Manager. (See Cavazos deposition pg. 59/15 - 60/25).

Ms. Cavazos testified regarding her knowledge of the policy that any shortage in excess of $100.00 would be cause for immediate termination. (See Cavazos deposition pg. 65/2 - 7).

Ms. Cavazos testified that no one else was present during the discussions with Assistant Manger, Marie Ison, which conversation took place at the service desk. In addition, Ms. Cavazos testified that she knows of no one else other than the assistant manager and manager who had knowledge of the discussion that took place in the office. (See Cavazos deposition pg. 69/17 - 20).

At the end of her shift on or about March 15, 1999, Ms. Cavazos reported that she was called to the back office and met with Store Manager, Ben Garcia, and Assistant Manager, Marie Ison. She was told by the customer service manager that she was needed in the back office, but she was not told why she was asked to go to the back. (See Cavazos deposition pg. 73/24 - 74/12).

Regarding the discussion that took place in the office at the time of the termination, Ms. Cavazos testified that the discussion took place in an office with the door closed, and present were only Store Manager, Ben Garcia, and Assistant Manager, Marie Ison. She

5

was told about the termination by Mr. Garcia subsequent to the investigation and was asked to turn in her badge, smock and sign a document of an exit interview of termination which was refused by Ms. Cavazos. (See Cavazos deposition pg. 75/12 - 76/14).

Ms. Cavazos testified that it did not seem unreasonable or unusual for Loss Prevention to investigate this incident in that if anything goes wrong, Loss Prevention is always asked to step in and conduct the investigation. (See Cavazos deposition pg. 81/5 - 11). In addition, Plaintiff testified that the only person she has knowledge of who investigated or assisted in the investigation were the associates in the Cash Office and it did not seem unusual nor out of line for Loss Prevention or the store to investigate the cash shortage by talking to the individuals in the Cash Office who counted the money. (See Cavazos deposition pg. 81/12 - 82/24).

Ms. Cavazos testified that as far as her own knowledge is concerned, only members of management or Loss Prevention or the employees in the Cash Office who were spoken to about this incident, were the employees who dealt with or investigated this discrepancy or cash shortage. (See Cavazos deposition pg. 81/25 - 83/9).

In addition, Ms. Cavazos testified that any matters dealing with a personnel file or associates of Wal-Mart, the Personnel Department or the associate who is in charge of personnel would have to deal with the paper work and that did not seem unusual or out of the ordinary in her case. (See Cavazos deposition pg. 84/5

- 24).

Ms. Cavazos testified that she has no information that Mr. Garcia or any member of management spoke to anyone outside of who needed to know or to deal or investigate the situation. (See Cavazos deposition pg. 86/12 - 87/5).

Regarding damages, Plaintiff testified that she has no information that the refusal of other potential employers in the Falfurrias area was in anyway connected to the Wal-Mart incident. (See Cavazos deposition pg. 88/14 - 25). In addition, Plaintiff testified that since leaving employment with Wal-Mart, she has searched for employment at H.E.B. and Beall's. (See Cavazos deposition pg. 12/2 - 14/4). Plaintiff has received no indication nor does she have any evidence regarding the decision by H.E.B. or Beall's to not hire her, nor does she have any evidence that those decisions were in any way connected to the Wal-Mart incident. (See Cavazos deposition pg. 20/14 - 23/14).

Finally, Plaintiff testified that no doctor has connected any type of a medical condition with the incident complained of by Plaintiff. (See Cavazos deposition pg. 19/25 - 20/10 and 28/17).

6a.

The long-established rule in Texas is that employment for an indefinite term may be terminated at-will and without cause. Winters vs. Houston Chronicle Publishing Co., 795 S.W.2d 723 (Tex. 1990); Sabine Pilot Serv., Inc. vs. Hauck, 687 S.W.2d 733, 734 (Tex. 1995); Austin vs. Healthtrust, Inc., 951 S.W.2d 78 (Tex.

7

App.--Corpus Christi 1997, PFR granted). Only a few limited and narrow exceptions exist with respect to the at-will doctrine. The majority of the exceptions are statutory. See, e.g., TEX. LAB. CODE ANN. § 451.001 (Vernon 1996) (discharge for filing workers' compensation claim); TEX. GOV'T CODE ANN. § 554.002 (Vernon Supp. 1996) (Whistleblower Act). These statutory exceptions to the employment at-will doctrine create liability unknown to the common law and therefore must be "strictly construed in the sense that [they] will not be extended beyond [their] plain meaning or apply to cases not clearly within [their] purview." Continental Coffee Prod. Co. vs. Cazarez, 937 S.W.2d 444, 453 (Tex. 1996). **CAVAZOS'** claims of a defamation resulting from an investigation regarding a cash shortage does not fall within any one of the enumerated statutory exceptions to the employment at-will doctrine, especially considering that those statutory exceptions are to be strictly construed.

Further, to date, the Supreme Court of Texas had created only one judicial exception to the employment at-will doctrine. Sabine Pilot Serv., Inc. vs. Hack, 687 S.W.2d at 735 (recognizing a narrow exception for an employee who was discharged for the sole reason that the employee refused to perform an illegal act.) Common law development in the state of Texas has continued to hold the line to the very narrow exception articulated in Sabine Pilot. Mott vs. Montgomery Cty., 882 S.W.2d 635, 639 (Tex. App.--Beaumont 1994, writ denied) (and cases cited therein). Besides Sabine Pilot,

8

there exists no other common law exceptions to the employment at-will doctrine.

7.

In Randall's Food Markets, Inc. vs. Johnson, 891 S.W.2d 640 (Tex. 1995), a decision illustrating the well-accepted application of the qualified privilege to communications made in an investigation following a report of employee wrongdoing, by noting that the communications in that case were made among employees of the same company.  The deciding criterion for the investigatory qualified privilege is the commonality of a stake or interest in the investigation or its results, not the employment status of the speaker or listener.  See, e.g., Danawala vs. Houston Lighting & Power Co., 14 F.3d 251, 254-55 (5th Cir. 1993) (recognizing common interest between company and its independent contractors and employees in investigation of falsified document).  The test for the privilege is whether "communications pass only to persons having an interest or duty in the matter to which the communications relate."  Randall's, 891 S.W.2d at 646.

In this case, **WAL-MART** communicated with **CAVAZOS** the results of its investigation of the cash shortage and this discussion took place in a back office and the only Wal-Mart personnel present were Ben Garcia, Store Manager, and Marie Ison, Assistant Manager, along with the Plaintiff.  With both parties investigating, the conversation taking place in that context, and that being the subject of the conversation, the investigatory qualified privilege

9

is undeniable.

The only relevant question is whether the parties shared an interest in the topic under discussion.  In addition, the existence of any errors in no way erases the real existence of a common interest.  Indeed, the qualified privilege developed out of a recognition that mistakes are made, and is aimed at shielding speakers from liability for misstatements and errors made in the context of business communications.  See <u>Danawala</u>, 14 F.3d at 254 ("To encourage open communication, it is necessary to afford protection from liability for misinformation").

### 7a.

This qualified privilege stands unless evidence is presented which shows that these communications were passed on to persons having no interest or duty in the investigation.  Id.  The existence of this qualified privilege is a question of law to be decided by the trial court.  <u>Bergman vs. Oshman's Sporting Goods, Inc.</u>, 594 S.W.2d 814, 816 (Civ. App.--Tyler, 1980, n.w.h.).

### 7b.

No evidence is presented that any of these oral statements or investigations by **WAL-MART** personnel in response to the cash shortage were published to third persons with no interest or duty in the investigation.

### 8.

A statement is defamatory if it tends to harm the reputation of another so as to lower him in the estimation of the community or

CMsPDF - www.texlra.com

to deter third persons from associating or dealing with him, or it tends to expose him to public hatred, contempt, or ridicule. Hardwick vs. Houston Lighting & Power Co., 881 S.W.2d 195, 197 (Tex. App.--Corpus Christi 1994, writ dism'd w.o.j.). Language that is so obviously harmful to the Plaintiff that it requires no proof of its injurious character is actionable per se. Shearson Lehman Hutton, Inc. vs. Tucker, 806 S.W.2d 914, 921 (Tex. App.-- Corpus Christi 1991, writ dism'd w.o.j.). Statements must be construed as a whole, and the language used must be given its ordinary meaning. Musser vs. Smith Protective Serv., Inc., 723 S.W.2d 653, 654-655 (Tex. 1987). It is inappropriate to isolate single sentences or portions of sentences an interpret them separately from the entire communication. Schauer vs. Memorial Care Sys., 856 S.W.2d 437, 446-48 (Tex. App.--Houston [1st Dist.] 1993, no writ). In Texas, statements of opinion are protected as free speech. Schauer 856 S.W.2d at 447. See Carr vs. Brasher, 776 S.W.2d 567 570 (Tex. 1989).

Language capable of more than one meaning must be construed in light of the circumstances at the time it was published. Edwards vs. Ideal Food Stores, 499 S.W.2d 343, 345-46 (Tex. Civ. App.-- Amarillo 1973, no writ). However, if the statement's meaning is unambiguous, the Court must determine, as a matter of law, whether the language is actionable. Hardwick, 881 S.W.2d at 196; Schauer, 856 S.W.2d at 446-49.

Also, truth is a defense to any action for libel or slander.

TEX. CIV. PRAC. & REM. CODE ANN. § 73.005. The truth defense does
not require that the alleged defamatory matter be literally true in
every detail, so long as it is substantially true, so that the crux
of the statement is justified. Rogers vs. Dallas Morning News,
Inc., 889 S.W.2d 467, 472-73 (Tex. App.--Dallas 1994, writ denied).
If the underlying facts as to the gist of the defamatory charge are
undisputed, the Court may disregard any variance with respect to
items of secondary importance and determine the substantial truth
as a matter of law. McIlvain vs. Jacobs, 794 S.W.2d 14, 15-16
(Tex. 1990).

8a.

Mr. Garcia in his affidavit states that during the termination
meeting, he discussed the grounds for which the Plaintiff was being
terminated and that the only persons present were the Plaintiff and
the assistant manager.

Further, Mr. Garcia states that when the shortage or
discrepancy was discovered, pursuant to company policy, he
contacted the Loss Prevention Department and they pursued the
investigation.

Once notified of the situation, Ben Garcia, as store manager,
had a right to investigate and he could not have conducted the
investigation without communicating the facts, or alleged facts, to
others who had an interest in the matter or who possessed knowledge
of relevant facts. Randall's 891 S.W.2d at 646. Doing so does not
constitute slander or malice.

12

The affidavit of Mr. Garcia establishes that Ms. Ison, Assistant Manager, was an employee of Wal-Mart Stores, Inc. and her position included duties relative to personnel matters.

9.

The trial court should grant Defendants Amended Motion for Summary Judgment in that Plaintiff's cause of action for defamation has failed to produce any probative evidence which creates a controlling fact issue regarding the Defendants alleged abuse of the qualified investigative privilege or an act that defamed Plaintiff.

Defendants state that, as a matter of law, any oral and/or written defamatory statements upon which the Plaintiff bases her cause of action for defamation were protected communications made pursuant to an employer investigation of employee wrongdoing. Since Plaintiff has failed to produce any probative evidence that these statements were published to persons without an interest or duty in this investigation, Defendants' Amended Motion for Summary Judgment should be granted.

Further, Plaintiff has failed to produce any probative evidence which creates a controlling fact issue regarding the Defendants' alleged malice in publishing these statements within its organization.

9a.

In order for **WAL-MART** to lose the protections of the privilege, **MS. CAVAZOS** must prove, by clear and convincing

13

evidence, that the statements at issue were delivered with actual malice at the time they were made. See, e.g., <u>Wal-Mart Stores, Inc., vs. Lane</u>, No. 13-98-250-CV, 2000 WL 867594, at *7 (Tex. App.--Corpus Christi June 29, 2000). A malice finding turns on a subjective inquiry. It focuses on the speaker's state of mind and requires that the particular speaker had actual subjective doubt about the truth of his statements.

9b.

The Plaintiff can overcome the qualified privilege asserted by Defendants by presenting evidence that a statement made pursuant to an investigation of employee misconduct was made with malice at the time of publication. In <u>Halger vs. Proctor & Gamble Mfg. Co.</u>, 884 S.W.2d 771 (Tex. 1994), the Supreme Court held that actual malice in a defamation case exists when the evidence shows that the statement was made with either knowledge of its falsity or with reckless disregard as to its truth. Malice is not found if the evidence merely shows negligence, a failure to investigate the truth or falsity or such statements prior to publication, or failure to act as a reasonable prudent person. <u>Shearson Lehman Hutton vs. Tucker</u>, 806 S.W.2d 914, 924 (Civ. App.--Corpus Christi, 1991, dism.w.o.j.). Evidence of this nature is not sufficient to support a finding of a malice. Id.

9c.

As previously recognized by this Court, in <u>Shearson Lehman Hutton vs. Tucker</u>, mere negligence in conducting an investigation

14

or the failure to investigate the veracity or falsity of statements prior to publication will not support a finding of malice. Furthermore, unlike the facts in <u>Shearson Lehman Hutton vs. Tucker</u>, these statements were not published to persons outside the **WAL-MART** organization. Since Plaintiff has failed to produce any probative evidence of malice on the part of the Defendants, this Honorable Court should grant movants Amended Motion for Summary Judgment.

9d.

Defendants assert to this Court that the Plaintiff has failed to produce any probative evidence on this issue of publication outside the qualified investigation privilege and has failed to produce probative evidence which would support an inference of malice on the part of the Defendants. For the reasons stated herein, the Amended Motion for Summary Judgment in favor of Defendants regarding Plaintiff's allegations of defamation should be granted.

WHEREFORE, PREMISES CONSIDERED, Defendants, **WAL-MART STORES, INC., WAL-MART STORES EAST, INC. AND WAL-MART ASSOCIATES, INC.,** would request this Honorable Court grant its Amended Motion for Summary Judgment in that Plaintiff has failed to produce any probative evidence on this issue of publication outside the qualified investigation privilege and has failed to produce probative evidence which would support even an inference of malice on the part of the Defendants. For the reasons stated herein, the Amended Motion for Summary Judgment in favor of Defendants

15

regarding Plaintiff's allegations of defamation should be granted
and for such other and further relief to which they may be entitled
at law or in equity.

                              Respectfully submitted,

                              LAW OFFICE OF J. CHRIS RODRIGUEZ, P.C.
                              Wells Fargo Tower - Suite 1450
                              615 Upper N. Broadway
                              Corpus Christi, Texas  78477
                              361/888-9488
                              Fax:  361/887-2177


                              By: _____
                                  J. Christopher Rodriguez
                                  State Bar No. 17146700
                                  Federal I.D. No. 1899

                              ATTORNEY FOR DEFENDANTS

                    **CERTIFICATE OF SERVICE**

     I certify that a true and correct copy of the foregoing
instrument has been provided to all interested parties, by placing
same in the U.S. Mail on this 26th day of October, 2000.


Mr. David A. Sibley
ATTORNEY AT LAW
719 Upper N. Broadway, Suite 120
P. O. Box 9610
Corpus Christi, Texas 78469-9610
ATTORNEY FOR PLAINTIFF


                              _____
                              J. Christopher Rodriguez


                              16

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MARIA CAVAZOS | § | |
| | § | |
| VS. | § | C.A. NO. C-00-034 |
| | § | |
| WAL-MART STORES, INC. | § | |
| WAL-MART STORES EAST, INC. | § | |
| AND WAL-MART ASSOCIATES, INC. | § | |

## ORDER SETTING HEARING

IT IS ORDERED that the hearing on Defendants, **WAL-MART STORES, INC., WAL-MART STORES EAST, INC. AND WAL-MART ASSOCIATES, INC.'S** Amended Motion for Summary Judgment, be and the same is hereby scheduled for hearing on the _____ day of _____, 2000, at _____a.m./p.m. in the United States District Court for the Southern District of Texas Corpus Christi Division.

SIGNED this _____ day of _____, 2000.


_____
JUDGE PRESIDING

17

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MARIA CAVAZOS | § | |
| | § | |
| VS. | § | C.A. NO. C-00-034 |
| | § | |
| WAL-MART STORES, INC. | § | |
| WAL-MART STORES EAST, INC. | § | |
| AND WAL-MART ASSOCIATES, INC. | § | |

## O R D E R

BE IT REMEMBERED that on the ____ day of _____,
2000, came on to be heard Defendants **WAL-MART STORES, INC., WAL-MART STORES EAST, INC. AND WAL-MART ASSOCIATES, INC.'S** Amended
Motion for Summary Judgment and the Court having considered the
matters submitted by the parties is of the opinion that the said
Motion should be **GRANTED/DENIED.**

IT IS THEREFORE, ORDERED ADJUDGED AND DECREED that Defendants
**WAL-MART STORES, INC., WAL-MART STORES EAST, INC. AND WAL-MART
STORES ASSOCIATES, INC.'S** Amended Motion for Summary Judgment
should be in all things **GRANTED/DENIED.**

SIGNED, ORDERED AND ENTERED this the ____ day of
_____, 2000.


_____
JUDGE PRESIDING

18

# EXHIBITS <u>NOT</u> IMAGED

CVISPDF – www.fesino.com