United States District Court
Southern District of Texas
FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

**NOV 20 2000**

Michael N. Milby, Clerk

| | | |
|---|---|---|
| MARIA CAVAZOS | § | |
| | § | |
| VS. | § | C.A. NO. C-00-034 |
| | § | |
| WAL-MART STORES, INC. | § | |
| WAL-MART STORES EAST, INC. | § | |
| AND WAL-MART ASSOCIATES, INC. | § | |

## DEFENDANTS' PROPOSED PRE-TRIAL ORDER

1. **APPEARANCE OF COUNSEL:**

   For Plaintiff Maria Cavazos:

   Mr. David A. Sibley
   ATTORNEY AT LAW
   719 Upper N. Broadway, Suite 120
   Corpus Christi, Texas 78477
   (361) 882-2377
   FAX: (361) 882-4482

   For Defendants Wal-Mart Stores, Inc., Wal-Mart Stores East, Inc. and Wal-Mart Associates, Inc.:

   J. Christopher Rodriguez
   LAW OFFICE OF J. CHRIS RODRIGUEZ, P.C.
   Wells Fargo Tower
   615 Upper N. Broadway, Suite 1450
   Corpus Christi, Texas 78477
   (361) 888-9488
   FAX: (361) 887-2177

2. **STATEMENT OF THE CASE:**

   Defendants:

   Defendants would show that on or about February 16, 1999, Plaintiff was a cashier employed by Wal-Mart Stores, Inc., in Falfurrias, Texas. On the occasion in question, Plaintiff claims that an investigation was done by her employer, Wal-Mart Stores, Inc., in connection with the amount of $341.37 that were missing from the cash register assigned to Plaintiff the evening in

1

question.

In connection with such investigation, Plaintiff claims that defamatory statements were made resulting in allegations of damages for loss of reputation, loss of earnings, mental anguish, shame, embarrassment and seeks both actual and exemplary damages. Plaintiff claims that such actions regarding alleged defamatory statements were done with malice.  Defendants generally deny the allegations made by Plaintiff regarding any defamatory actions or statements.  Defendants would further state that once the alleged discrepancy or cash shortage was discovered, an investigation was pursued by Wal-Mart Stores, Inc.  The "qualified privilege" of an employer, that is, oral or written statements made by an employer are privileged if they are made in a course of an investigation following a report of employee wrongdoing in that the communications were made to persons with a duty to or an interest in the investigation.

Defendants further would state that Plaintiff has failed to mitigate her damages and was contributorily negligent in that she spoke herself as to the reasons for the termination.

Plaintiff was terminated on or about March 16, 1999, from employment with Wal-Mart Stores, Inc., and such termination occurred due to Wal-Mart's policy as concerns cashiers and any shortages in excess of $100.00 would be cause for immediate termination.  Plaintiff was aware of this policy.

3.    **JURISDICTION:**

This Court has jurisdiction by virtue of diversity of

citizenship, pursuant to 28 USCA § 1332. Wal-Mart is a corporation incorporated under the laws of the State of Delaware, having its principal place of business in Arkansas, and is a citizen of the State of Delaware. Wal-Mart was not and is not now a citizen of the State of Texas.

4. **MOTIONS:**

   Defendants:

   Motion in Limine.

   Motion to Reconsider and Request for Hearing on Amended Motion for Summary Judgment

5. **CONTENTIONS OF THE PARTIES:**

   Defendants:

   Defendants contend that Wal-Mart Stores, Inc., did not defame nor commit an act of defamation against Plaintiff, Maria Cavazos, nor were any acts done with malice.

   Defendants contend that Wal-Mart Stores, Inc., did not violate nor extend its discussions under the "qualified privilege" to investigate employee wrongdoing.

   Defendants contend that Plaintiff, Maria Cavazos, contributed to any knowledge that any other personnel outside of the "qualified privilege" and contributed to any other persons knowing the reasons or allegations regarding termination.

   Defendants contend that Wal-Mart Stores, Inc., did not violate its policy regarding the cashiers and cash registers being in control of the cashiers and the policy regarding a $100.00 shortage as a cause for immediate termination.

   Defendants contend that Wal-Mart Stores, Inc., conducted a reasonable investigation regarding the incident in question and the investigation was performed within the "qualified privilege."

6. **ADMISSIONS OF FACT:**

   Defendants:

   a.  Plaintiff was employed as a cashier by Wal-Mart Stores, Inc.

CVisPDF - www.teslio.com

    b.    On or about March 16, 1999, Plaintiff, Maria Cavazos was terminated as an employee of Wal-Mart Stores, Inc., pursuant to a cash short/long policy of a shortage in excess of $100.00 of being a cause for termination for cashiers.

**7.    CONTESTED ISSUES OF FACT:**

<u>Defendants:</u>

Was Plaintiff contributorily negligent?

**8.    AGREED PROPOSITIONS OF LAW:**

Defendants' attorney unable to make contact with Plaintiff's attorney regarding agreed propositions of law.

**9.    CONTESTED PROPOSITIONS OF LAW:**

<u>Defendants:</u>

Wal-Mart Stores, Inc., did not violate or in any way extend discussions beyond the "qualified privilege" to investigate the possibility of possible employee wrongdoing and as such, should be entitled to *Summary Judgment* or in the alternative, a directed verdict.

**10.    EXHIBITS:**

<u>Defendants:</u>

Depositions with exhibits of:
Maria Cavazos
Homer Cavazos
Ben Garcia
Marie Ison
Liza Trevino
Ruben Campos
Prissy Campos

Medical records from:

Falfurrias Medical Clinic and/or Custodian of Records
906 S. St. Mary's St.
Falfurrias, Texas  78355
361/325-3615

Christus Spohn Family Health Clinic and/or Custodian of Records
1400 S. St. Mary's St.
Falfurrias, Texas  78355
361/325-2511

4

Corpus Christi Neurology and/or Custodian of Records
3301 S. Alameda, Suite 501
Corpus Christi, Texas   78404
361/853-0867

Christus Spohn Hospital Shoreline and/or Custodian of Records
600 Elizabeth
Corpus Christi, Texas   78404
361/881-3901

Christus Spohn Hospital Kleberg and/or Custodian of Records
1311 General Cavazos Blvd.
Kingsville, Texas   78364
361/595-9737

Alice Regional Hospital and/or Custodian of Records
300 E. Third St.
Alice, Texas   78332
361/660-5187

Records from :

Texas Workforce Commission and/or Custodian of Records
101 E. 15th St., Room 264
Austin, Texas   78778-0001
512/463-2420

Records regarding Plaintiff's application for employment from:

H.E.B. and/or Custodian of Records
1115 E. Main
Alice, Texas   78332
361/558-6633
OR: Falfurrias, Texas   78355

Beall's Department Store and/or Custodian of Records
1501 E. Main St.
Alice, Texas   78332
361/664-9519

Whataburger Drive Inn and/or Custodian of Records
1242 E. Main St.
Alice, Texas   78332
361/664-3663
OR: Falfurrias, Texas   78355

Bowen Enterprises, Inc. d/b/a Dairy Queen and/or Custodian of
Records
1006 Texas Ave.
Corpus Christi, Texas   78404
361/808-8858

5

Documents provided by this party pursuant to a Protective Order as follows:

Cashier Job Description
Customer Service Manager Job Description
Courtesy Desk Associate Job Description
Cash Drawer Maintenance Lesson
Check Tendering Lesson
Courtesy Desk Procedures
Courtesy Desk Refunds & Exchanges Lesson
Videotape entitled "Loss Prevention Video Series, Modules 1-7"
DLPS Handbook Chapters 1-12, including:
    a) Receiving
    b) Systems
    c) Front end
    d) Accounting
    e) Grocery & Cost Depts.
    f) Universal Product Code
    g) Invoicing
    h) Claims
    i) Specialty Division
    j) Inventory
    k) Risk Management
    l) Personnel
    m) Reports
In-Store Loss Prevention Guide, including:
    a) Shoplifting
    b) Loss Prevention & Management Responsibilities
    c) Apprehensions
    d) Shoplifter Apprehension
    e) General Information
       Legal Terms
       Reason for Immediate Dismissal
       Apprehension Report
       Use of Evidence Log
       Travel and Expenses
    f) Records and Follow-Up
    g) Fitting Room Controls
    h) Safety/Risk Control
    i) Closed Circuit Television System
    j) Civil Recovery
    k) Form - Loss Prevention Apprehension Report
    l) Form - Evidence Log
    m) Sample - Evidence Tag
    n) Loss Prevention Supplies
    o) Recap of Video of Loss Prevention Modules 1 - 7
Loss Prevention/Front End Loss Prevention Lesson
Cash Short/Long - Policy District #267 - 11/01/97
Form - Register Spot Check Report
Copy of Personnel file of Maria Cavazos
Accounting Office
Accounting Office Associate Job Description

6

Records from the store:
    a) Store/accounting report as well as the time clock archive report
    b) Register tape relevant to this incident may be reviewed in the offices of the undersigned attorney as the tape does not lend itself to photocopying because of its significant rolled up length. Please refer to prior responses
    c) A copy of the cash short/long log from 11/8/98 - 9/10/99 plus 3 pages of notes applicable to the matter

Records of Loss Prevention Guide of District Manager

**11.  WITNESSES:**

<u>Defendants:</u>

The following individuals will testify as to facts of the investigation conducted regarding the incident as well as Wal-Mart's policies, practices and procedures.

Ben Garcia
Store Manager
Wal-Mart Stores, Inc.
1250 E. Houston
Alice, Texas  78332
361/668-0441

Marie Ison
Wal-Mart Stores, Inc.
10241 S. Padre Island Dr.
Corpus Christi, Texas  78418
361/937-2643

Liza Trevino
Wal-Mart Stores, Inc.
Rt. 2, Box 200
Falfurrias, Texas  78355
361/325-3601

Cindy Garza
Wal-Mart Stores, Inc.
Rt. 2, Box 200
Falfurrias, Texas  78355
361/325-3601

Cindy Carbajal
Wal-Mart Stores, Inc.
Rt. 2, Box 200
Falfurrias, Texas  78355
361/325-3601

7

Prissy Campos
Wal-Mart Stores, Inc.
1250 E. Houston
Alice, Texas  78332
361/668-0441

Ruben Campos
Wal-Mart Stores, Inc.
4833 S. Padre Island Dr.
Corpus Christi, Texas  78411
361/994-9010

Hugh Gregory
Wal-Mart Stores, Inc.
4833 S. Padre Island Dr.
Corpus Christi, Texas  78411
361/994-9010

Eva Hinojosa
Wal-Mart Stores, Inc.
Rt. 2, Box 200
Falfurrias, Texas  78355
361/325-3601

If other witnesses to be called at the trial become known, their names, addresses, and subject of their testimony will be reported to opposing counsel in writing as soon as they are known; this does not apply to rebuttal or impeachment witnesses.

**12. SETTLEMENT:**

All settlement efforts have been exhausted and this case cannot be settled and will have to be tried.

**13. TRIAL:**

a)   Probable length of trial:  3 to 4 days.

b)   Logistical problems:  none known.

This final pretrial order may be modified by subsequent order only to prevent manifest injustice.

**14. ATTACHMENTS:**

<u>Defendants:</u>

Exhibit A -  Proposed Specific Questions for Voir Dire

Exhibit B - Exhibit List

8

Exhibit C - Proposed Charge of the Court

Exhibit D - Proposed Interrogatories, Instructions and Definitions to the Jurors

Exhibit E - Motion in Limine

Date:_____          _____
                                UNITED STATES DISTRICT JUDGE

**APPROVED:**

Date:___11/20/00_____          _____
                                Attorney In-Charge,
                                Defendants

9

**Defendants' Proposed Specific Questions for Voir Dire**

CVisPDF – www.fasiko.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MARIA CAVAZOS | § | |
| | § | |
| VS. | § | C.A. NO. C-00-034 |
| | § | |
| WAL-MART STORES, INC. | § | |
| WAL-MART STORES EAST, INC. | § | |
| AND WAL-MART ASSOCIATES, INC. | § | |

## DEFENDANTS' PROPOSED SPECIFIC QUESTIONS FOR VOIR DIRE

TO THE HONORABLE COURT:

COME NOW Defendants, **WAL-MART STORES, INC., WAL-MART STORES EAST, INC. AND WAL-MART ASSOCIATES, INC.,** and respectfully requests that the Court ask the following specific questions in addition to those general questions posed by the Court in voir dire of the jury panel:

1. Do you know, or know of, the Plaintiff in this case, **MARIA CAVAZOS**, or any member of their family?  If so, who and how?

2. Do you know, or have you or any members of your family ever been represented by any of the attorneys or law firms involved in the trial of this lawsuit?

    a. Attorney for Plaintiff **MARIA CAVAZOS**:

       David A. Sibley
       ATTORNEY AT LAW
       719 Upper N. Broadway, Suite 120
       Corpus Christi, Texas 78477

    b. Attorney for Defendants **WAL-MART STORES, INC., WAL-MART STORES EAST, INC. AND WAL-MART ASSOCIATES, INC.**

       J. Christopher Rodriguez
       LAW OFFICE OF J. CHRIS RODRIGUEZ, P.C.
       Wells Fargo Tower
       615 Upper N. Broadway, Suite 1450
       Corpus Christi, Texas 78477

1

3.  Does anyone know Ben Garcia, Wal-Mart's representative in this case?

4.  Is there anyone who has had a bad experience while shopping at a Wal-Mart store?

5.  Have you or any members of your family or friends ever been employed by Wal-Mart, particularly the Wal-Mart presently located at Route 2, Box 200 in Falfurrias, Texas?

6.  Are you or any member of your family involved in investigating or reporting personal injuries or loss prevention as your principal job or at your place of employment?

7.  Have you or any member of your family ever been involved in any form of law enforcement, accident reconstruction or security service?  (If so, who is or who was the employer?)

8.  Do you or any member of your family have any legal training?  (If so, what kind?)

9.  Do you know any of the following persons who may be called to testify in this case?  (All are from Falfurrias, Texas unless otherwise indicated.)

    a.  Maria Cavazos
    b.  Homer Cavazos
    c.  Ben Garica - Alice, Texas
    d.  Marie Ison  - Corpus Chrisiti, Texas
    e.  Liza Trevino
    f.  Cinday Garza
    g.  Cindy Carbajal
    h.  Prissy Campos - Alice, Texas
    i.  Ruben Campos - Corpus Christi, Texas
    j.  Hugh Gregory - Corpus Christi, Texas
    k.  Eva Hinojosa

10. Have you ever served on a jury before?  (Was it a criminal or civil case?  If civil, what type of civil case did you serve on?  Was the jury able to reach a verdict in that case?  If criminal, what kind?  Did the jury reach a verdict?

11. Have you or any member of your family ever been a party in a lawsuit?  (If so, were you the Plaintiff or Defendant?  What was the nature of the lawsuit?  What was

2

the outcome of the suit?  Was there anything about the experience which would influence you in any way in serving on this jury or would hinder you in reaching a fair and impartial verdict in this case.)

12.  Have you or any member of your family ever been a witness in a lawsuit?  (If so, what was the nature of the lawsuit?  What was the outcome of the suit?  Was there anything about that experience which would influence you in any way in serving on this jury or would hinder you in reaching a fair and impartial verdict in this case?)

13.  Is there anyone here who would hold it against any of the attorneys in this case if, in fact, they object to evidence and then ask you to be instructed to disregard evidence?

14.  Is there anyone here who, when instructed to disregard evidence, cannot or will not follow that instruction from the Court?

15.  In a civil case such as this, the Plaintiff has the responsibility to prove her case by a preponderance of the evidence; in other words, to establish that the facts upon which she bases her claims are more likely than not true.  Does everyone understand that the burden is on the Plaintiff to prove her case?

16.  Do you understand that there will be disputed and undisputed facts in this case, and the fact that some facts presented by the Plaintiff are not disputed by Wal-Mart does not necessarily mean that all the facts are to be decided in the Plaintiff's favor?

17.  Is there anyone here who cannot wait until all of the evidence from both parties has been heard to decide the outcome of this dispute?

18.  Is there anyone who at this point believes that, just because the Plaintiff has brought this lawsuit, she must be injured and entitled to some money?

19.  You will be given questions to answer at the end of this case which may ask you to award damages to the Plaintiff in an amount which would fairly and justly compensate her for the losses she is alleging.  If the Plaintiff fails to prove these damages by a preponderance of the evidence, would anyone award her damages anyway?

3

20. Is there anyone here who, if all things were equal, would favor the Plaintiff in this case simply because she is an individual and Wal-Mart is a corporation?

21. Do you understand that both the Plaintiff and Wal-Mart are "persons" in the eyes of the law?

22. Do any of you feel that a corporation should be treated any differently than an individual?

23. Do any of you think that an individual's testimony should be given greater credence than that of a corporation or its employees?

24. Would any of you allow the corporate size of Wal-Mart to unfairly enter into your consideration of the facts or alleged damages in this case?

25. Does anyone feel it is wrong for a corporation to choose to defend a claim such as this?

26. Does anyone feel at this point that they are leaning one way or another toward one party or another for any reason?

27. If you are selected as a juror in this case, you will be required to put aside any feeling of passion or prejudice and decide this case solely on the evidence introduced during the trial and the instructions that the Court will give you concerning the law.  Is there any one of you who cannot do that?

28. Do any of you know of any reason that you could not sit in this case and render a just, fair, honest and impartial verdict?

> Respectfully submitted,
> LAW OFFICE OF J. CHRIS RODRIGUEZ, P.C.
> Wells Fargo Tower
> 615 Upper N. Broadway, Suite 1450
> Corpus Christi, Texas   78477
> 361/888-9488
> Fax:  361/887-2177
>
> By: _____
> J. Christopher Rodriguez
> State Bar No. 17146700
> Federal I.D. No. 1899

4

CSitPDF - www.fasiio.com

ATTORNEY FOR DEFENDANTS
**WAL-MART STORES, INC.**
**WAL-MART STORES EAST, INC.**
**AND WAL-MART ASSOCIATES, INC.**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing instrument has been provided to all interested parties, by placing same in the U.S. Mail on this 20th day of November, 2000.

Mr. David A. Sibley
ATTORNEY AT LAW
P. O. Box 9610
Corpus Christi, Texas 78469-9610
ATTORNEY FOR PLAINTIFF
**MARIA CAVAZOS**

J. Christopher Rodriguez

5

**Defendants'  Exhibit List**

©blPDF – www.fastio.com

AO 187 (Rev. 7/87) Exhibit and Witness L...

# United States District Court

| Southern | DISTRICT OF | Texas |
|---|---|---|

Corpus Christi Division

Maria Cavazos

**EXHIBIT AND WITNESS LIST**

Wal-Mart Stores, Inc. Wal-Mart Stores East, Inc.
and Wal-Mart Associates, Inc.

CASE NUMBER: C-00-034

| PRESIDING JUDGE | PLAINTIFF'S ATTORNEY | DEFENDANT'S ATTORNEY |
|---|---|---|
| Hon. Janis Graham Jack | David A. Sibley | J. Chris Rodriguez |
| TRIAL DATE(S) | COURT REPORTER | COURTROOM DEPUTY |
| December 4, 2000 | | |

| PLF. NO. | DEF. NO. | DATE OFFERED | MARKED | ADMITTED | DESCRIPTION OF EXHIBITS* AND WITNESSES |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | Depositions with exhibits of: |
| | 1 | | | | Maria Cavazos |
| | 2 | | | | Homer Cavazos |
| | 3 | | | | Ben Garcia |
| | 4 | | | | Marie Ison |
| | 5 | | | | Lisa Trevino |
| | 6 | | | | Ruben Campos |
| | 7 | | | | Prissy Campos |
| | | | | | Medical records from: |
| | 8 | | | | Falfurrias Medical Clinic |
| | 9 | | | | Christus Spohn Family Health Clinic |
| | 10 | | | | Corpus Christi Neurology |
| | 11 | | | | Christus Spohn Hospital Shoreline |
| | 12 | | | | Christus Spohn Hospital Kleberg |
| | 13 | | | | Alice Regional Hospital |
| | | | | | Records from : |
| | 14 | | | | Texas Workforce Commission |
| | | | | | Records regarding Plaintiff's application for employment from: |
| | 15 | | | | H.E.B. |
| | 16 | | | | Beall's Department Store |
| | 17 | | | | Whataburger Drive Inn |

* Include a notation as to the location of any exhibit not held with the case file or not available because of size.

AO 187 (Rev. 7/87) Exhibit and Witness L...

# United States District Court

| Southern | DISTRICT OF | Texas |
|---|---|---|

Corpus Christi Division

Maria Cavazos

**EXHIBIT AND WITNESS LIST**

Wal-Mart Stores, Inc. Wal-Mart Stores East, Inc. and Wal-Mart Associates, Inc.

CASE NUMBER: C-00-034

| PRESIDING JUDGE | PLAINTIFF'S ATTORNEY | DEFENDANT'S ATTORNEY |
|---|---|---|
| Hon. Janis Graham Jack | David A. Sibley | J. Chris Rodriguez |

| TRIAL DATE(S) | COURT REPORTER | COURTROOM DEPUTY |
|---|---|---|
| December 4, 2000 | | |

| PLF. NO. | DEF. NO. | DATE OFFERED | MARKED | ADMITTED | DESCRIPTION OF EXHIBITS* AND WITNESSES |
|---|---|---|---|---|---|
| | | | | | |
| | 18 | | | | Bowen Enterprises, Inc. d/b/a Dairy Queen |
| | | | | | Documents provided by this party pursuant to a Protective Order as follows: |
| | 19 | | | | Cashier Job Description |
| | 20 | | | | Customer Service Manager Job Description |
| | 21 | | | | Courtesy Desk Associate Job Description |
| | 22 | | | | Cash Drawer Maintenance Lesson |
| | 23 | | | | Check Tendering Lesson |
| | 24 | | | | Courtesy Desk Procedures |
| | 25 | | | | Courtesy Desk Refunds & Exchanges Lesson |
| | 26 | | | | Videotape entitled "Loss Prevention Video Series, Modules 1-7" |
| | 27 | | | | DLPS Handbook Chapters 1-12, including: |
| | | | | | a) Receiving |
| | | | | | b) Systems |
| | | | | | c) Front end |
| | | | | | d) Accounting |
| | | | | | e) Grocery & Cost Depts. |
| | | | | | f) Universal Product Code |
| | | | | | g) Invoicing |
| | | | | | h) Claims |
| | | | | | i) Specialty Division |
| | | | | | j) Inventory |

* Include a notation as to the location of any exhibit not held with the case file or not available because of size.

Page 2 of 4 Pages

AO 187 (Rev. 7/87) Exhibit and Witness L...

# United States District Court

| Southern | DISTRICT OF | Texas |
|---|---|---|

Corpus Christi Division

Maria Cavazos

**EXHIBIT AND WITNESS LIST**

Wal-Mart Stores, Inc. Wal-Mart Stores East, Inc. and Wal-Mart Associates, Inc.

CASE NUMBER: C-00-034

| PRESIDING JUDGE | PLAINTIFF'S ATTORNEY | DEFENDANT'S ATTORNEY |
|---|---|---|
| Hon. Janis Graham Jack | David A. Sibley | J. Chris Rodriguez |
| TRIAL DATE(S)<br>December 4, 2000 | COURT REPORTER | COURTROOM DEPUTY |

| PLF.<br>NO. | DEF.<br>NO. | DATE<br>OFFERED | MARKED | ADMITTED | DESCRIPTION OF EXHIBITS* AND WITNESSES |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | k) Risk Management |
| | | | | | l) Personnel |
| | | | | | m) Reports |
| | 28 | | | | In-Store Loss Prevention Guide, including: |
| | | | | | a) Shoplifting |
| | | | | | b) Loss Prevention & Management Responsibilities |
| | | | | | c) Apprehensions |
| | | | | | d) Shoplifter Apprehension |
| | | | | | e) General Information |
| | | | | | Legal Terms |
| | | | | | Reason for Immediate Dismissal |
| | | | | | Apprehension Report |
| | | | | | Use of Evidence Log |
| | | | | | Travel and Expenses |
| | | | | | f) Records and Follow-Up |
| | | | | | g) Fitting Room Controls |
| | | | | | h) Safety/Risk Control |
| | | | | | i) Closed Circuit Television System |
| | | | | | j) Civil Recovery |
| | | | | | k) Form - Loss Prevention Apprehension Report |
| | | | | | l) Form - Evidence Log |

* Include a notation as to the location of any exhibit not held with the case file or not available because of size.

Page 3 of 4 Pages

AO 187 (Rev. 7/87) Exhibit and Witness List

# United States District Court

Southern _____ DISTRICT OF _____ Texas
### Corpus Christi Division

Maria Cavazos

**EXHIBIT AND WITNESS LIST**

Wal-Mart Stores, Inc. Wal-Mart Stores East, Inc.
and Wal-Mart Associates, Inc.

CASE NUMBER: C-00-034

| PRESIDING JUDGE | PLAINTIFF'S ATTORNEY | DEFENDANT'S ATTORNEY |
|---|---|---|
| Hon. Janis Graham Jack | David A. Sibley | J. Chris Rodriguez |
| TRIAL DATE(S) December 4, 2000 | COURT REPORTER | COURTROOM DEPUTY |

| PLF. NO. | DEF. NO. | DATE OFFERED | MARKED | ADMITTED | DESCRIPTION OF EXHIBITS* AND WITNESSES |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | m) Sample - Evidence Tag |
| | | | | | n) Loss Prevention Supplies |
| | | | | | o) Recap of Video of Loss Prevention Modules 1 - 7 |
| | 29 | | | | Loss Prevention/Front End Loss Prevention Lesson |
| | 30 | | | | Cash Short/Long - Policy District #267 - 11/01/97 |
| | 31 | | | | Form - Register Spot Check Report |
| | 32 | | | | Copy of Personnel file of Maria Cavazos |
| | 33 | | | | Accounting Office |
| | 34 | | | | Accounting Office Associate Job Description |
| | | | | | Records from the store: |
| | 35 | | | | a) Store/accounting report as well as the time |
| | | | | | clock archive report |
| | 36 | | | | b) Register tape relevant to this incident may be |
| | | | | | reviewed in the offices of the undersigned |
| | | | | | attorney as the tape does not lend itself to |
| | | | | | photocopying because of its significant rolled |
| | | | | | up length. Please refer to prior responses |
| | 37 | | | | c) A copy of the cash short/long log from 11/8/98 - |
| | | | | | 9/10/99 plus 3 pages of notes applicable to the |
| | | | | | matter |
| | 38 | | | | Records of Loss Prevention Guide of District Manager |

* Include a notation as to the location of any exhibit not held with the case file or not available because of size.

**Defendants' Proposed Charge of the Court**

CutePDF - www.fineio.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

MARIA CAVAZOS                     §
                                  §
VS.                               §        C.A. NO. C-00-034
                                  §
WAL-MART STORES, INC.             §
WAL-MART STORES EAST, INC.        §
AND WAL-MART ASSOCIATES, INC.     §

## DEFENDANTS' PROPOSED CHARGE OF THE COURT

COME NOW, Defendants, **WAL-MART STORES, INC., WAL-MART STORES EAST, INC. AND WAL-MART ASSOCIATES, INC.,** and files this, its Proposed Charge of the Court, and respectfully submits that the following instructions, definitions, and questions which may be presented to the jury at the conclusion of the trial of this lawsuit, subject to the evidence presented and received.

## COURT'S INSTRUCTIONS
## TO THE JURY

MEMBERS OF THE JURY:

Now that you have heard all of the evidence and the argument of counsel, it becomes my duty to give you the instructions of the court concerning law applicable to this case.

It is your duty as jurors to follow the law as I shall state it to you, and to apply that law to the facts as you find them from the evidence in this case.  You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole.  Neither are you to be concerned with the wisdom of any rule of law stated by me.  Regardless of any opinion

1

you may have as to what the law is or ought to be, it would be a violation of your sworn duty to base a verdict upon any view of the law other than that given in the instructions of the Court, just as it would also be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything other than the evidence in the case.

In deciding the facts of this case you must not be swayed by bias or prejudice or favor as to any party. Our system of law does not permit jurors to be governed by prejudice or sympathy or public opinion. Both the parties and the public expect that you will carefully and impartially consider all of the evidence in the case, follow the law as stated by the Court, and reach a verdict regardless of the consequences.

This case should be considered and decided by you as an action between persons of equal standing in the community, and holding the same or similar stations in life. A corporation is entitled to the same fair trial at your hands as is a private individual. All persons, including corporations, stand equal before the law and are to be dealt with as equals in a court of justice.

As stated earlier, it is your duty to determine the facts, and in so doing you must consider only the evidence I have admitted in the case. The term "evidence" includes the sworn testimony of the witnesses and the exhibits admitted in the record.

Remember that any statement, objections, or arguments made by the lawyers are not evidence in the case. The function of the

2

lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing, to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls the case. What the lawyers say is not binding upon you.

So, while you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in the case.

You may consider either direct or circumstantial evidence. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact. When a witness testifies as to facts of his own knowledge, matters which he saw and heard, knowledge which came to him by virtue of his own senses or his own observations, this is direct evidence. "Circumstantial evidence" is proof of a chain of facts and circumstance indicating the occurrence or existence of other facts and circumstance. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It requires only that you weigh all the evidence admitted in the case.

Now, I have said that you must consider all of the evidence.

3

This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to his testimony. In weighing the testimony of a witness you should consider his relationship to the Plaintiff or to the Defendant; his interest, if any in the outcome of the case; his manner in testifying; his opportunity to observe or acquire knowledge concerning the facts about which he testified; his candor, fairness and intelligence; and the extent to which he has been supported or contradicted by other credible evidence. You may, in short, accept or reject the testimony of any witness in whole or in part.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or non-existence of any fact. You may find that the testimony of a smaller number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

A witness may be discredited or "impeached" by contradictory evidence, by a showing that he testified falsely concerning a material matter, or by evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witness' present testimony.

If you believe that any witness has been so impeached, then it is your exclusive province to give the testimony of that witness such credibility or weight, if any, as you may think it deserves.

4

The rules of evidence provide that if scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness qualified as an expert by knowledge, skill, expertise, training or education, may testify and state his opinion concerning such matters.

You may consider each expert opinion received in evidence in this case and give it such weight as you may think it deserves.  If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or that the opinion is outweighed by other evidence, then you may disregard the opinion entirely.

The burden of proof is on the Plaintiff in a civil action such as this to prove every essential element of that claim by a "preponderance of the evidence."  A preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more likely true than not true.  In other words, to establish a claim by a "preponderance of the evidence" merely means to prove that the claim is more likely so than not so.

In determining whether any fact in issue has been proved by a preponderance of the evidence, the jury may consider the testimony of all the witnesses, regardless of who may have called them, and

5

all the exhibits received in evidence, regardless of who may have produced them.  If the proof should fail to establish any essential element of Plaintiff's claim by a preponderance of the evidence, the jury should find for the Defendant as to that claim.

In this case, Plaintiff claims that Defendant was negligent and that such negligence was a proximate cause of the injuries and damages sustained by Plaintiff.  Specifically, Plaintiff alleges that she opened a refrigerated unit and states that a container of three dips fell off of the shelf striking her on her shoulder on the Defendant's premises which caused her alleged injuries.

In order to prevail on this claim, the Plaintiff must prove by a preponderance of the evidence that **WAL-MART** made defamatory statements about the Plaintiff, outside of the qualified privilege of Wal-Mart to investigate possible employee wrongdoing.

Defamation occurs if and only if:

1.    Defendant makes a false or defamatory statement concerning the Plaintiff;

2.    The Defendant publishes or permits publication of a defamatory statement to a third person; and

3.    The publication results from intentional or negligent conduct by the Defendant.

Any statement made in the course of a judicial proceeding is absolutely privileged and may not serve as the basis for an action for defamation.

Any statement made in a quasi judicial proceeding is

6

privileged and may not serve as the basis for an action for defamation.

An oral or written statement to the Texas Employment Commission or to an employee of the Texas Employment Commission in connection with the discharge of the commission's or of the employee's official duty is absolutely privileged and may not serve as the basis for a defamation action.

An oral or written statement made by an employer is privileged if it is made in the course of an investigation following a report of employee wrongdoing of the communication was made to a person with a duty to or an interest in pre-investigation.

Communications made by co-employees against another employee is privileged if the communication is made to a person for the duty to or interest in an investigation.

"Negligence" means the failure to use reasonable care, that is, failing to do that which a person of ordinary prudence would have done under the same or similar circumstances or doing that which a person or ordinary prudence would not have done under the same or similar circumstances.

"Proximate cause" means that cause which, in a natural and continuous sequence, produces an event, and without which cause such event would not have occurred; and in order to be a proximate cause, the act or omission complained of must be such that a person using ordinary care would have foreseen that the event, or some similar event, might reasonably result therefrom. There may be

7

more than one proximate cause of an event.

Defendants contend that the Plaintiff was herself negligent and that such negligence was a proximate cause of her own injury. This is a defensive claim and the burden of proving that claim by a preponderance of the evidence is upon the Defendant. The Defendant must establish:

1.  That the Plaintiff failed to exercise reasonable care on the occasion in question; and

2.  That the failure of Plaintiff to exercise reasonable care was a proximate cause of Plaintiff's own damages.

You are further instructed that negligence is never presumed, and the mere happening of an accident is not necessarily evidence at all of negligence.

You are also instructed that you should not assess any amount of damages for disease or physical defect arising after the occurrence in question.

The Plaintiff also has a duty to minimize her damages by following the expert recommendations of her physicians. In other words, a person who has suffered injury by reason of a Defendants' actions is bound to use reasonable and proper effort to make the damages as small as practicable, and to act in good faith to adopt reasonable methods and follow reasonable programs of medical care or treatment to restore herself.

Failure of the Plaintiff to make a reasonable effort to minimize damages does not prevent all recovery, but does prevent

8

recovery of such damages as might have been avoided thereby.

In considering the issue of Plaintiff's damages, you are instructed that you should assess the amount you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for all of the Plaintiff's damages, no more and no less. Damages are not allowed as a punishment and cannot be imposed or increased to penalize the Defendant. Neither can damages be based on speculation because it is only actual damages - what the law calls compensatory damages - that are recoverable.

On the other hand, compensatory damages are not restricted to actual loss of time or money; they cover both the mental and physical aspects of injury -- tangible and intangible. They are an attempt to restore the Plaintiff, that is, to make her whole or as she was immediately prior to this injuries.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence, and no others:

Any bodily injury sustained by the Plaintiff and any resulting pain and suffering, disability, mental anguish and loss of capacity for the enjoyment of life experienced in the past or to be experienced in the future. No evidence of the value of such intangible things as mental or physical pain and suffering has been or need be introduced. In that respect it is not value that you are trying to determine, but an amount that will fairly compensate the Plaintiff for the damages she has suffered. There is no exact

standard for fixing the compensation to be awarded on account of such elements of damage. Any such award should be fair and just in light of the evidence.

The reasonable expense of hospitalization and medical and nursing care and treatment necessarily or reasonably obtained by the Plaintiff in the past or to be so obtained in the future.

If a preponderance of the evidence shows that the Plaintiff has been permanently injured, you may consider her life expectancy. The mortality tables received in evidence may be considered in determining how long the claimant may be expected to live. Bear in mind, however, that life expectancy as shown by mortality tables is merely an estimate of the average remaining life of all persons in the United States of a given age and sex having average health and exposure to danger of persons in that class. So, such tables are not binding on you but may be considered together with the other evidence in the case bearing on the Plaintiff's health, age, occupation, and physical condition, before and after the injury, in determining the probable length of her life.

When considering life expectancy in determining future damages, you should bear in mind, of course, the distinction between entire life expectancy and work life expectancy, and those elements of damage related to future income should be measured only by the Plaintiff's remaining life expectancy.

If the Jury should find that the evidence establishes either a reasonable likelihood of future medical expenses or a reasonable

10

CNIPDF - www.fastio.com

likelihood of a loss of future earnings, then it becomes the duty of the jury to ascertain the present worth in dollars of such future damages, since an award of future damages necessarily requires that payment be made now for a loss that will not actually be sustained until some future date.

In order to make a reasonable adjustment of the present use, interest free, of money representing a lump-sum payment of anticipated future loss, the law requires that the jury discount, or reduce to its present worth, the amount of the anticipated future loss by taking (1) the interest rate or return which the Plaintiff could reasonably be expected to receive based on the rate of interest prevailing at this time in Corpus Christi, on an investment of the lump-sum payment, together with (2) the period of time over which the future loss is reasonably certain to be sustained; and then reduce, or in effect deduct from, the total amount would be reasonably certain to earn or return, if invested a such rate of interest over such future period of time; and include in the verdict an award for only the present worth, the reduced amount, of the total anticipated future loss.

Bear in mind that your duty to discount to present value applies to loss of future earnings or future medical expenses. If you should find that the Plaintiff is entitled to damages for future pain and suffering or future mental anguish, then such award is not subject to any reduction for the present use.

In considering any element of damage to be experienced in the

11

future you are instructed that you should not take into account any possible effect of present or future inflation one way or another.

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe Plaintiff should, or should not, prevail in this case.

Your verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree thereto. In other words, your verdict must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement if you can do so without violence to individual judgment. Each of you must decide the case yourself, but only after an impartial consideration of all the evidence in the case with your fellow jurors. In the course of your deliberation do not hesitate to re-examine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence, solely because of the opinion of your fellow jurors, or for the mere purposes of returning a verdict.

Remember at all times you are not partisans. You are judges - judges of facts. Your sole interest is to seek the truth from the evidence in the case.

Upon retiring to the jury room you should first select one of your jurors to act as your foreman or forewoman who will preside

12

over your deliberations and will be your spokesman here in court. A form of verdict has been prepared for your convenience.

If, during your deliberations, you should desire to communicate with the Court, please reduce your message or question to writing signed by the foreman or forewoman, and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should never state or specify your numerical division at the time.

You should not discuss the case with anyone, not even with other members of the Jury, unless all of you are present and assembled in the jury room. Should anyone attempt to talk to you about the case before the verdict is returned, whether at the courthouse, at your home, or elsewhere, please inform the Judge of this fact.

You will take the verdict form to the jury room and when you have reached a unanimous agreement as to your verdict, you will have your foreman fill it in, date and sign it, and then return to the courtroom.

_____
U.S. DISTRICT JUDGE PRESIDING

13

## Certificate

We, the jury, have answered the above and foregoing questions as herein indicated, and herewith return same into court as our verdict.

(To be signed by the presiding juror if unanimous.)

_____
PRESIDING JUROR

(To be signed by those rendering the verdict.)

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____

14

Respectfully submitted,

LAW OFFICE OF J. CHRIS RODRIGUEZ, P.C.
Wells Fargo Tower
615 Upper N. Broadway, Suite 1450
Corpus Christi, Texas  78477
361/888-9488
Fax:  361/887-2177


By:

    J. Christopher Rodriguez
    State Bar No. 17146700
    Federal I.D. No. 1899

ATTORNEY FOR DEFENDANTS
**WAL-MART STORES, INC.**
**WAL-MART STORES EAST, INC.**
**AND WAL-MART ASSOCIATES, INC.**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing instrument has been provided to all interested parties, by placing same in the U.S. Mail on this 20th day of November, 2000.

Mr. David A. Sibley
ATTORNEY AT LAW
P. O. Box 9610
Corpus Christi, Texas 78469-9610
ATTORNEY FOR PLAINTIFF
**MARIA CAVAZOS**


    J. Christopher Rodriguez

15

QUESTION NO. 1

Did **WAL-MART** commit defamation as to Plaintiff, **MARIA CAVAZOS**?

Defamation occurs if and only if:

1. Defendant makes a false or defamatory statement concerning the Plaintiff;

2. The Defendant publishes or permits publication of a defamatory statement to a third person; and

3. The publication results from intentional or negligent conduct by the Defendant.

Any statement made in the course of a judicial proceeding is absolutely privileged and may not serve as the basis for an action for defamation.

Any statement made in a quasi judicial proceeding is privileged and may not serve as the basis for an action for defamation.

An oral or written statement to the Texas Employment Commission or to an employee of the Texas Employment Commission in connection with the discharge of the commission's or of the employee's official duty is absolutely privileged and may not serve as the basis for a defamation action.

An oral or written statement made by an employer is privileged if it is made in the course of an investigation following a report of employee wrongdoing of the communication was made to a person with a duty to or an interest in pre-investigation.

Communications made by co-employees against another employee is privileged if the communication is made to a person for the duty to or interest in an investigation.

Answer "Yes" or "No" for the following:

Wal-Mart Stores, Inc.                    _____

16

If you answered Questions No. _____, _____ or _____ "yes," answer the following question.   Otherwise do not answer the following question.

<u>QUESTION NO.2</u>

Do you find by clear and convincing evidence that the harm to Plaintiff, MARIA CAVAZOS resulted from malice?

"Clear and convincing evidence" means the measure or degree of proof that produces a firm belief or conviction of the truth of the allegations sought to be established.

"Malice" is defined as:

(a)   a specific intent by **WAL-MART STORES, INC.** to cause substantial injury to Plaintiff, **MARIA CAVAZOS**; or

(b)   an act or omission by **WAL-MART STORES, INC.**,

> (i)   which, when viewed objectively from the standpoint of **WAL-MART STORES, INC.** at the time of its occurrence, involved in extreme degree of risk, considering the probability and magnitude of the potential harm to others; and

> (ii)   of which **WAL-MART STORES, INC.** had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others.

Answer "Yes" or "No."

Answer:_____

17

If you answered Questions No. _____, _____ or _____ "yes," then answer the following question.   Otherwise do not answer the following question.

QUESTION NO.3

Do you find that the Plaintiff, **MARIA CAVAZOS**, consented to, authorized, contributed to, or procured the defamation the subject of this lawsuit?

Answer "Yes" or "No."

Answer: _____

18

## QUESTION NO. 4:

What percentage of the negligence that caused the occurrence do you find to be attributable to each of those found by you, in your answer to Question _____ , to have been negligent?

The percentages you find must total 100 percent. The negligence attributable to a person named below is not necessarily measured by the number of acts or omissions found. The percentage attributable to a person need not be the same percentage attributed to that person in answering another question.

a.   Maria Cavazos                    _____ %

b.   Wal-Mart Stores, Inc.           _____ %

TOTAL                                _____100_____ %

19

## <u>QUESTION NO. 5</u>:

What sum of money, if paid now in cash, would fairly and reasonably compensate **MARIA CAVAZOS** for her injuries, if any, that resulted from the occurrence in question?

Consider the elements of damages listed below and none other. Consider each element separately. Do not include damages for one element in any other element. Do not include interest on any amount of damages you find.

Do not include any amount for any condition not resulting from the occurrence in question.

Element a.  Physical pain and mental anguish

Element b.  Medical care

Element c.  Physical impairment

Do not reduce the amounts, if any, in your answers because of the negligence, if any, that you have attributed to **MARIA CAVAZOS** in Question Nos. _____   and _____ .

Answer in dollars and cents for damages, if any, that were sustained in the past and that in reasonable probability will be sustained in the future.


ANSWER: _____

20

**QUESTION NO. 6:**

What sum of money, if any, should be assessed against **WAL-MART,** and awarded to **MARIA CAVAZOS** as exemplary damages for the conduct found in response to Question No. _____?

"Exemplary damages" means any damages awarded as a penalty or by way of punishment. Exemplary damages includes punitive damages.

In determining the amount of exemplary damages you should consider evidence, if any, relating to:

a. The nature of the wrong.
b. The character of the conduct involved.
c. The degree of culpability of the wrongdoer.
d. The situation and sensibilities of the parties concerned.
e. The extent to which such conduct offends a public sense or justice and propriety.
f. The net worth of **WAL-MART STORES, INC.**

Answer in dollars and cents, if any.

Answer: _____

21

**Defendants' Proposed Interrogatories, Instructions and Definitions to the Jurors**

CVisPDF – www.fastio.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

MARIA CAVAZOS                    §
                                 §
VS.                              §        C.A. NO. C-00-034
                                 §
WAL-MART STORES, INC.            §
WAL-MART STORES EAST, INC.       §
AND WAL-MART ASSOCIATES, INC.    §

## DEFENDANTS' PROPOSED INTERROGATORIES, INSTRUCTIONS, AND DEFINITIONS TO THE JURORS

TO THE HONORABLE COURT:

COMES NOW Defendants, **WAL-MART STORES, INC., WAL-MART STORES EAST, INC. AND WAL-MART ASSOCIATES, INC.** and respectfully requests that the Court submit the following Interrogatories, Instructions, and Definitions to the Jurors:

### REQUESTED INSTRUCTION

No statement or ruling or remark which I have made during the presentation of testimony was intended to indicate my opinion as to what the facts are. You are to determine the facts. In this determination, you alone must decide upon the believability of the evidence and its weight and value. In considering the weight and value of the testimony of any witness, you may take into consideration the appearance, attitude and behavior of the witness, the interest of the witness in the outcome of the case, the relation of the witness to any of the parties, Plaintiff or Defendants, the inclination of a witness to speak truthfully or not, the probability or improbability of the witness' statements,

1

and all other facts and circumstances in evidence.  Thus, you may give the testimony of any witness just such weight and value as you may believe the testimony of such witness is entitled to receive.

## REQUESTED INSTRUCTION

At times throughout the trial the Court has been called upon to pass on the question of whether certain offered evidence might be properly admitted.  You are not to be concerned with the reasons for such rulings and are not to draw any inferences from them.  You are instructed that, as to any question to which an objection was sustained, you must not speculate as to what the answer might have been or as to the reason for the objection.  You must not consider, for any purpose, any offer of evidence that was rejected, or any evidence that was stricken by the Court; such matter is to be treated as though you had never known it.  In admitting evidence to which an objection is made, the Court does not determine what weight should be given such evidence, nor does it pass on the credibility of the witness.

## REQUESTED INSTRUCTION

Regarding corporate party:  This case should be considered and decided by you as an action between persons of equal standing in the community, and holding the same or similar positions in life.  Corporations such as **WAL-MART**, are entitled to the same fair trial by you as are private individuals.  All persons, including corporations, stand equal before the law and are to be dealt with as equals in a court of justice.

2

CVisPDF - www.texis.com

## REQUESTED INSTRUCTION

You are instructed that, in determining the credibility of a witness, you may consider any matter in evidence that has a tendency in reason to prove or disprove the truthfulness of his/her testimony, including, but not limited to, the following:  his/her demeanor while testifying and the manner in which he/she testified; the character of his/her testimony; the extent of his/her capacity to perceive, to recollect, or to communicate any matter about which he/she testifies; the extent of his/her opportunity to perceive any matter about which he/she testifies; the existence or nonexistence of a bias, interest, or other motive; a statement previously made by him/her that is consistent with his/her testimony; the existence or nonexistence of any fact testified to by him/her; and his/her attitude toward the action in which he/she testifies or toward the giving of testimony.

## REQUESTED INSTRUCTION

You are instructed that a fact may be established by direct evidence or circumstantial evidence or both.  A fact is established by direct evidence when proved by witnesses who saw the act done or heard the words spoken or by documentary evidence.  A fact is established by circumstantial evidence when the fact is fairly and reasonably inferred from other facts proved in the case.  As a general rule, the law makes no distinction between direct or circumstantial evidence, but simply requires that the jury find the

3

acts in accordance with a preponderance of all the evidence in the case, both direct and indirect.

### REQUESTED INSTRUCTION

You are instructed that you are not bound to decide in conformity with the testimony of a number of witnesses which does not produce conviction in your mind, as against the testimony of a lesser number of witnesses or other evidence which appeals to your mind with more convincing force. The testimony of one witness worthy of belief is sufficient for the proof of any fact. This does not mean that you are at liberty to disregard the testimony of a greater number of witnesses merely from caprice or prejudice, or from a desire to favor one side against the other. It does mean that you are not to decide an issue by the simple process of counting the number of witnesses who have testified on the opposing sides. It means that the final test is not in the relative number of witnesses, but in the relative convincing force of the evidence based upon a preponderance of the evidence.

### REQUESTED INSTRUCTION

"PREPONDERANCE OF THE EVIDENCE" means the greater weight and degree of credible testimony or evidence introduced before you and admitted in this case.

### REQUESTED INSTRUCTION

"REASONABLE OR ORDINARY CARE" when used with respect to the conduct of **WAL-MART** as owner or occupier of a premises, means that degree of care that would be used by an owner or occupier of

ordinary prudence under the same or similar circumstances.

**REQUESTED INSTRUCTION**

"NEGLIGENCE" when used with respect to the conduct of **MARIA CAVAZOS**, means failure to use ordinary care, that is, failing to do that which a person of ordinary prudence would have done under the same or similar circumstances or doing that which a person of ordinary prudence would not have done under the same or similar circumstances.

**REQUESTED INSTRUCTION**

"REASONABLE OR ORDINARY CARE" when used with respect to the conduct of **MARIA CAVAZOS,** means that degree of care that would be used by a person of ordinary prudence under the same or similar circumstances.

**REQUESTED INSTRUCTION**

"PROXIMATE CAUSE" means that cause which, in a natural and continuous sequence, produces an event, and without which cause such event would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using **ordinary care** would have foreseen that the event, or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event, but if an act or omission of any person not a party to the suit was the "sole proximate cause" of an occurrence, then no act or omission of any other person could have been a proximate cause.

5

## REQUESTED INSTRUCTION

Defamation occurs if and only if:

1.  Defendant makes a false or defamatory statement concerning the Plaintiff;

2.  The Defendant publishes or permits publication of a defamatory statement to a third person; and

3.  The publication results from intentional or negligent conduct by the Defendant.

Any statement made in the course of a judicial proceeding is absolutely privileged and may not serve as the basis for an action for defamation.

Any statement made in a quasi judicial proceeding is privileged and may not serve as the basis for an action for defamation.

An oral or written statement to the Texas Employment Commission or to an employee of the Texas Employment Commission in connection with the discharge of the commission's or of the employee's official duty is absolutely privileged and may not serve as the basis for a defamation action.

An oral or written statement made by an employer is privileged if it is made in the course of an investigation following a report of employee wrongdoing of the communication was made to a person with a duty to or an interest in pre-investigation.

Communications made by co-employees against another employee is privileged if the communication is made to a person for the duty to or interest in an investigation.

6

Respectfully submitted,

LAW OFFICE OF J. CHRIS RODRIGUEZ, P.C.
Wells Fargo Tower
615 Upper N. Broadway, Suite 1450
Corpus Christi, Texas  78477
361/888-9488
Fax:  361/887-2177


By: _____
  J. Christopher Rodriguez
  State Bar No. 17146700
  Federal I.D. No. 1899

ATTORNEY FOR DEFENDANTS
**WAL-MART STORES, INC.**
**WAL-MART STORES EAST, INC.**
**AND WAL-MART ASSOCIATES, INC.**


## CERTIFICATE OF SERVICE

  I certify that a true and correct copy of the foregoing instrument has been provided to all interested parties, by placing same in the U.S. Mail on this 20 day of November, 2000.

Mr. David A. Sibley
ATTORNEY AT LAW
P. O. Box 9610
Corpus Christi, Texas 78469-9610
ATTORNEY FOR PLAINTIFF
**MARIA CAVAZOS**


_____
J. Christopher Rodriguez


7

**Defendants' Motion in Limine**

CVtoPDF – www.fasrio.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MARIA CAVAZOS | § | |
| | § | |
| VS. | § | C.A. NO. C-00-034 |
| | § | |
| WAL-MART STORES, INC. | § | |
| WAL-MART STORES EAST, INC. | § | |
| AND WAL-MART ASSOCIATES, INC. | § | |

## DEFENDANTS' MOTION IN LIMINE AND ORDER

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Defendants **WAL-MART STORES, INC., WAL-MART STORES EAST, INC. AND WAL-MART ASSOCIATES, INC.** and before trial of the above entitled and numbered cause has begun, before voir dire examination of the jury, and before receipt of any evidence, makes and presents this Motion in Limine and Order.

I.

This Defendants move this Court to instruct Plaintiff, Plaintiff's counsel and Plaintiff's witnesses to refrain from mentioning to the Jury, directly or indirectly, any of the following matters, unless such matters have first been called to the attention of the Court, out of the presence of the Jury, and a favorable ruling is obtained from the Court as to the admissibility and relevance of such matters:

GRANTED/DENIED:

_____ (1)  The fact that Defendants are covered by some form of liability insurance with respect to the accident in question.

_____ (2)  Any references to the alleged liability insurance crisis, including but limited to questions regarding the current state of affairs in the liability insurance industry.

1

(3)  Inquiries of whether any Juror has any connection with the insurance industry.

(4)  Inquiries to the Jury panel as to whether they would answer an issue of damages in accordance with the evidence, regardless of who pays the damages or when the damages will be paid, or any similar version of such inquiry, for the reason that the same improperly injects the implication of insurance into this suit.

(5)  Hearsay statements made by the Plaintiff as to what Plaintiff's treating physicians have told the Plaintiff.

(6)  Hearsay statements made by the Plaintiff as to what Plaintiff's third party witnesses have told the Plaintiff.

(7)  Offers of settlement or settlement negotiations.

(8)  Statements that Defendants have failed to produce tangible evidence as required or requested, until such has been determined by the Court away from the Jury.

(9)  Demands or requests in the presence of the Jury for documents or information that may be contained in the undersigned's file.

(10) The fact that Defendants do not call to testify any witness equally available to all parties in this cause.  Furthermore, Defendants move that all other counsel be instructed not to suggest to the Jury what would have been the testimony of any witness not actually called to testify.

(11) The contents of (1) any pretrial motions on matters of fact and/or law; (2) the contents of any pleadings regarding the discovery of any items not yet produced by or not available to Defendants; and (3) the contents of any pleadings which have been superseded by the trial pleadings.

(12) The calling as a witness of any persons who have not been previously identified in response to discovery requests.

2

_____ (13) The tendering to any witness any document or tangible thing not identified in response to discovery requests.

_____ (14) Statements or references to any prior incidents on Defendants' premises for the reason that such evidence is irrelevant and immaterial.

_____ (15) Statements or references to any subsequent incidents on Defendants' premises for the reason that such evidence is irrelevant and immaterial.

_____ (16) Any references to any policies of Defendants not in effect at the time of the incident, for the reason that such evidence is irrelevant and immaterial, and any mention of such evidence would be harmful and prejudicial to Defendants.

_____ (17) References to the poverty or wealth of any party.

_____ (18) Any references to opposing counsel's actions in the pretrial process.

_____ (19) Any references to other suits, claims or allegations of damages arising from any other incident involving Defendants other than the incident in question.

_____ (20) Any references to any pre- or post-incident changes for the reason that such evidence is irrelevant and immaterial and any mention of such evidence would be harmful and prejudicial to Defendants.

_____ (21) Any references to the fact that this motion has been filed.

## II.

Defendants respectfully requests that this Court instruct counsel for Plaintiff to approach the bench out of the presence and hearing of the Jury, inform the Court and counsel that he intends to go into any of the above matters and state to the Court at that

3

time, what the relevancy of those matters should be to this case.
It is further requested that Plaintiff's counsel be instructed that
until he has done the foregoing, his clients and any and all
witnesses are not to mention or refer to by word, act, deed or
innuendo any of the above matters.

WHEREFORE, PREMISES CONSIDERED, Defendants pray that this
Court grant this Motion in whole or in part and grant Defendants
such other and further relief to which they may show itself justly
entitled.

Respectfully submitted,
LAW OFFICE OF J. CHRIS RODRIGUEZ, P.C.
Wells Fargo Tower
615 Upper N. Broadway, Suite 1450
Corpus Christi, Texas  78477
361/888-9488
Fax:  361/887-2177

By:
J. Christopher Rodriguez
State Bar No. 17146700
Federal I.D. No. 1899
ATTORNEY FOR DEFENDANTS
**WAL-MART STORES, INC.**
**WAL-MART STORES EAST, INC.**
**AND WAL-MART ASSOCIATES, INC.**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing
instrument has been provided to all interested parties, by placing
same in the U.S. Mail on this ____ day of November, 2000.

Mr. David A. Sibley
ATTORNEY AT LAW
P. O. Box 9610
Corpus Christi, Texas 78469-9610
ATTORNEY FOR PLAINTIFF
**MARIA CAVAZOS**

J. Christopher Rodríguez

4

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

MARIA CAVAZOS                          §
                                       §
VS.                                    §       C.A. NO. C-00-034
                                       §
WAL-MART STORES, INC.                  §
WAL-MART STORES EAST, INC.             §
AND WAL-MART ASSOCIATES, INC.          §

## O R D E R

On this day came on to be heard Defendants' Motion in Limine
and the Court, after considering same, hereby ORDERS as follows:

1. That Defendants' Motion in Limine, and the Court's rulings
noted thereon, is hereby made an attachment to this Order;

2. That this Court has rendered its decision as to each
individual request and said decision is written in the designated
space next to each numbered request.

3. That Counsel for Plaintiff is instructed to refrain and
desist from mentioning any of these matters referred to in the
foregoing Motion which have been sustained by the Court, and to
instruct the witnesses or parties who may be in or about the
courtroom during any state of these proceedings, from mentioning
any of the matters referred to above, in accordance with such
Motion, without first approaching the bench and obtaining a ruling
thereon.

SIGNED, ORDERED AND ENTERED on _____,
2000.

_____
U.S. DISTRICT JUDGE PRESIDING

5