# United States District Court
# Southern District of Texas
# Corpus Christi Division

United States District Court
Southern District of Texas
FILED

NOV 2 1 2000

Michael N. Milby, Clerk

**Maria Cavazos**

**vs.**

**Wal-Mart Stores, Inc.**
**Wal-Mart Stores East, Inc.**
**Wal-Mart Associates, Inc.**

**No. 00-34**
**[Judge Jack]**
**[Jury Requested]**

## Joint Pretrial Order

## To the Honorable Court:

All parties respectfully file this Joint Pretrial Order.

### 1. Appearance of Counsel

| | | |
|---|---|---|
| A) | Maria Cavazos | David A. Sibley |
| | | 719 N. Upper Broadway (78401) |
| | | P.O. Box 9610 |
| | | Corpus Christi, Texas 78469-9610 |
| | | (361) 882-2377 – Telephone |
| | | (361) 882-4482 – Telecopier |
| | | (361) 779-4332 – Mobile |
| B) | Wal-Mart Stores, Inc. | Chris Rodriguez |
| | Wal-Mart Stores East, Inc. | Wells Fargo Tower, Suite 1450 |
| | Wal-Mart Associates, Inc. | 615 N. Upper Broadway |
| | | Corpus Christi, Texas 78477 |
| | | (361) 888-9488 – Telephone |
| | | (361) 887-2177 – Telecopier |

### 2. Statement of the Case

#### Plaintiff

Maria Cavazos worked at Wal-Mart as a cashier in Falfurrias. Wal-Mart terminated her for the stated reason that her cash register was short by over three hundred dollars.

1

Maria Cavazos claims she did not take any money. She claims Wal-Mart slandered her by stating her register was short and terminating her for this. She claims Wal-Mart told people this, and this is widely known throughout the Wal-Mart store and the City of Falfurrias. Further, Maria Cavazos claims Wal-Mart could foresee that she would be required to tell potential future employers about this, so Wal-Mart is responsible for her statements concerning this to potential future employers.

Wal-Mart denies it slandered Maria Cavazos. Wal-Mart claims it merely terminated her based on its cash short policy and did not tell anyone outside its management and need to know group why.

### Defendant

Defendants would show that on or about February 16, 1999, Plaintiff was a cashier employed by Wal-Mart Stores, Inc. in Falfurrias, Texas. On the occasion in question, Plaintiff claims that an investigation was done by her employer, Wal-Mart Stores, Inc. in connection with the amount of $341.37 that were missing from the cash register assigned to Plaintiff the evening in question.

In connection with such investigation, Plaintiff claims that defamatory statements were made resulting in allegations of damages for loss of reputation, loss of earnings, mental anguish, shame, embarrassment and seeks both actual and exemplary damages. Plaintiff claims that such actions regarding alleged defamatory statements were done with malice. Defendants generally deny the allegations made by Plaintiff regarding any defamatory actions or statements. Defendants would further state that once the alleged discrepancy or cash shortage was discovered, an investigation was pursued by Wal-Mart Stores, Inc. The "qualified privilege" of an employer, that is, oral or written statements made by an employer are privileged if they are made in a course of an investigation following a report of employee wrongdoing in that the communications were made to persons with a duty to or an interest in the investigation.

Defendants further would state that Plaintiff has failed to mitigate her damages and was contributorily negligent in that she spoke herself as to the reasons for the termination.

Plaintiff was terminated on or about March 16, 1999, from employment with Wal-Mart Stores, Inc, and such termination occurred due to Wal-Mart's policy as concerns cashiers and any shortages in excess of $100 would be cause for immediate termination. Plaintiff was aware of this policy.

### 3. Jurisdiction

Diversity jurisdiction exists. 28 U.S.C. §1332.

## 4. Motions

Wal-Mart has motions for reconsideration on file requesting leave to file motion for summary judgment and requesting a hearing on motion for summary judgment. Motions in limine exist.

## 5. Contentions of the Parties

Maria Cavazos asserts:

1)   Wal-Mart effectively accused her of stealing money from her register.

2)   She did not steal money from her register.

3)   A number of people had opportunity to steal the money.

4)   Wal-Mart terminated her for the stated reason her register was short.

5)   Wal-Mart accused her of "misconduct" to avoid paying unemployment benefits.

6)   Wal-Mart has a policy of shaming associates to deter associate dishonesty.

7)   Wal-Mart did not properly follow procedures designed to promote accountability.

8)   Wal-Mart did not act reasonably in attributing fault to her for the missing money.

9)   Wal-Mart published its accusation of theft against her, and the accusation is now widely known throughout both the Wal-Mart Store and the City of Falfurrias.

10)   In addition to Wal-Mart's publication of the accusation, she has been required to "self-publish" the accusation when she has applied for new jobs. Her self publications to potential future employers were foreseeable.

11)   Wal-Mart's accusation of theft is slanderous per-se.

12)   Her reputation has been damaged.

13)   She has suffered mental anguish.

14)   She has suffered physical pain and suffering.

15)   She has been unsuccessful at obtaining suitable employment due to her damaged reputation, and she has as a result has lost income.

16)   Wal-Mart acted with sufficient culpability to support exemplary damages.

Wal-Mart asserts:

1)   Defendants contend that Wal-Mart Stores did not defame nor commit an act of defamation against Plaintiff, Maria Cavazos, nor were any acts done with malice.

2)   Defendants contend that Wal-Mart Stores did not violate nor extend its discussions under the "qualified privilege" to investigate employee wrongdoing.

3) Defendants contend that Plaintiff, Maria Cavazos, contributed to any knowledge that any other personnel outside of the "qualified privilege" and contributed to anyother persons knowing the reasons or allegations regarding termination.

4) Defendants contend that Wal-Mart Stores, Inc. did not violate its policy regarding the cashiers and cash registers being in control of the cashiers and the policy regarding a $100 shortage as a cause for immediate termination.

5) Defendants contend that Wal-Mart Stores, Inc. conducted a reasonable investigation regarding the incident in question and the investigation was performed within the "qualified privilege."

## 6. Admissions of Fact

**Plaintiffs**

No admissions of substantial material facts exist.

**Defendants**

a. Plaintiff was employed as a cashier by Wal-Mart Stores, Inc.

b. On or about March 16, 1999, Plaintiff , Maria Cavazos was terminated as an employee of Wal-Mart Stores, Inc. pursuant to a cash short / long policy of a shortage in excess of $100 of being a cause for termination of cashiers.

c. The correct Defendant in this case is Wal-Mart Stores, Inc.

d. Wal-Mart Stores East, Inc. and Wal-Mart Associates, Inc. are not correct Defendants.

## 7. Contested Issues of Fact

**Plaintiff**

All fact issues other than background facts and circumstances are contested.

**Defendants**

Was Plaintiff contributorily negligent? Did Plaintiff fail to mitigate her damages?

## 8. Agreed Propositions of Law

1. Chapter 41 of the Texas Civil Practice and Remedies Code provides the applicable definitions, standards, and procedures with respect to exemplary damages.

## 9. Contested Propositions of Law

1. Maria Cavazos asserts that a publication can be proved by circumstantial evidence. Specifically, the fact that everybody in the store and Falfurrias knew the accusation

some even before she knew and she told only a few people close to her is circumstantial evidence that the accusation was published. **Diamond Shamrock v. Mendez**, 809 S.W.2d 514 (Tex . App. – San Antonio 1991, writ granted), affirmed in part and reversed in part, 844 S.W.2d 198 (Tex. 1992). Wal-Mart asserts that Maria Cavazos must have direct eye-witness evidence of publication.

2.    Maria Cavazos asserts self publication is sufficient.  **Dewald v. Home Depot**, 2000 Tex. App. Lexis 5757 (Tex. App. – Dallas August 25, 2000). **See also First State Bank v. Ake**, 606 S.W.2d 696 (Tex. Civ. App. – Corpus Christi 1980, n.r..e); and **Chasewood Const. Co. v. Rico**, 696 S.W.2d 439 (Tex. App. – S.A. 1985, n.r.e.). Wal-Mart asserts that self publication is not sufficient or does not apply.

3.    Maria Cavazos asserts that negligent publication is sufficient. Thus, if Wal-Mart negligently created circumstances effectively publishing its slanderous accusation, sufficient publication exists. **Dewald v. Home Depot**, 2000 Tex. App. Lexis 5757 (Tex. App. – Dallas August 25, 2000). In contrast, Wal-Mart asserts that for publication to occur it must actually, intentionally, and literally speak the slanderous words.

4.    Maria Cavazos asserts that deterrence of associate dishonesty by shaming and making an example of an associate is not within the scope of the qualified privilege. **Dewald v. Home Depot**, 2000 Tex. App. Lexis 5757 (Tex. App. – Dallas August 25, 2000).

5.    Maria Cavazos asserts that the precise words used are not important. The important issue is the message communicated. As an example, if the message communicated is that Maria Cavazos is a thief, it is irrelevant whether the word "thief" was used. **Dewald v. Home Depot**, 2000 Tex. App. Lexis 5757 (Tex. App. – Dallas August 25, 2000).

6.    Wal-Mart asserts that "contributory negligence" by Maria Cavazos is a defense. Maria Cavazos denies the concept of "contributory negligence" has relevance to this case.

7.    Wal-Mart Stores, Inc. did not violate or in any way extend discussions beyond the "qualified privilege" to investigate the possibility of possible employee wrongding and as such shoudl be entitled to summary judgment or directed verdict.

8.    Wal-Mart asserts that Maria Cavazos failed to mitigate her damages.

## 10.Exhibits

A.    Maria Cavazos' Exhibit List is Attached as Exhibit 1.

B.    Wal-Mart's Exhibit List is attached as Exhibit 2.

CNAPDF - www.fesilla.com

## 11. Witnesses

1.  Cindy Garza

    [Another cashier on the night in question].

    [Had access to Maria Cavazos' register for a short time].

2.  Letty Maldonado

    [Letty Maldonado was accused of theft under nearly the exact same circumstances as Maria Cavazos one month earlier].

3.  Ben Garcia

    [Store Manager]

    [Present on the night in question]

    [Store procedures and policies]

    [Investigation conducted by Wal-Mart]

4.  Marie Ison

    [Present at termination]

    [Assistant Store Manager]

    [Informed Maria Cavazos her register was short $300]

5.  Liza Trevino

    [CSM on the night of the incident]

    [Had access to money]

6.  Cindy Mendoza

    [Cousin of Liza Trevino]

7.  Prissy Campos

    [Had access to the money in the cash office]

    [Wal-Mart procedures and polices]

    [Investigation conducted by Wal-Mart]

8.  Ruben Campos

    [Loss prevention manager and related to Prissy Campos]

    [Wal-Mart procedures and policies]

    [Investigation conducted by Wal-Mart]

CutePDF – www.tivinx.com

9.    Hugh Gregory

      [Wal-Mart District Manager]

      [Received notice of complaint and callously didn't care]

      [He conducted himself very rudely and unprofessionally]

10.    Eva Hinajosa

      [Night unloader]

      [Publication of slanderous statement]

11.    Mr. Gates

      [Liza Trevino's work history]

12.    Irma Salas

      [Publication of slanderous statement]

13.    Homer Cavazos

      [Publication of slanderous statements]

      [Damages]

14.    Maria T. Cavazos

      [Nearly all relevant statements]

15.    Maria Naida Cavazos Perez

      [Knew Maria Cavazos would be terminated before she was terminated]

16.    Susie Quintinilla

      [Knew Maria Cavazos would be terminated before she was terminated]

17.    Noe Escobar

      [Publication of slanderous statement]

18.    Cindy Carbajal

      [Employee of Wal-Mart]

19.    David Sibley

      [Attorneys' Fees]

20.    Chris Rodriguez

      [Attorneys' Fees]

21.    Dr. Jose Lozano / Custodian of Records

      [Medical Records]

20.    Texas Workforce Commission / Custodian of Records
          [Texas Workforce Commission]

21.    Brooks County Sheriff's Office / Custodian of Records
          [Employee Records]

22.    VIM, Inc. / Custodian of Records
          [Employee Records]

23.    Beall's Department Store / Custodian of Records
          [Employee Records]

24.    La Paloma Ranch / Custodian of Records
          [Employee Records]

25.    If other witnesses to be called at the trial become known, their names,
        addresses, and subject of their testimony will be reported to opposing counsel in
        writing as soon as they are known; this does not apply to rebuttal or
        impeachment witnesses.

## 12. Settlement

Settlement efforts have been exhausted.

The case cannot be settled.

The case will have to be tried.

## 13. Trial

The probable length of the trial is 3-4 days.

No known logistical problems exist.

This order may be modified by subsequent order only to prevent manifest injustice.

## 14. Attachments

A.    Cavazos' Supplemental Exhibit List

B.    Wal-Mart's Exhibit List

C.    Cavazos' Voir Dire Questions

D.    Wal-Mart's Voir Dire Questions

E.    Cavazos' Jury Charge

F.    Wal-Mart's Jury Charge

G.    Cavazos' Motion in Limine

H.    Wal-Mart's Motion in Limine.

Signed this ___ Day of _____, 2000

_____
U.S. District Judge

**Approved,**

_____
**David A. Sibley**
**Attorney At Law**
P.O. Box 9610
Corpus Christi, Texas 78469-9610
(361) 882-2377 — Telephone
(361) 692-0142 — Telecopier
State Bar No. 18337600
Federal I.D. 10053
ATTORNEY-IN-CHARGE FOR **MARIA CAVAZOS**

_____
**Chris Rodriguez**
**Attorney At Law**
Wells Fargo Tower, Suite 1450
615 N. Upper Broadway
Corpus Christi, Texas 78477
361 / 888-9488
361 / 887-2177
State Bar No. 17146100
Federal Id. 1899
ATTORNEY IN CHARGE FOR **WAL-MART STORES, INC.**

9

A

CSII/PDF – www.fastio.com

# United States District Court
## Southern District of Texas
### Corpus Christi Division

**Maria Cavazos**

**vs.**

**Wal-Mart Stores, Inc.**
**Wal-Mart Stores East, Inc.**
**Wal-Mart Associates, Inc.**

**No. 00-34**
**[Judge Jack]**
**[Jury Requested]**

## Plaintiff's Supplemental Exhibit List

In addition to documents on Defendant's Document List:

| Number | Date Offered | Marked | Admitted | Document |
|--------|--------------|--------|----------|----------|
| | | | | Texas Workforce Commission Audio Tape of Cavazos Appeal. |
| | | | | Texas Workforce Commission Tape of Maldonado Appeal. |
| | | | | Letty Maldonado's Personnel file. |
| | | | | Store accounting reports and cash register reports relating to Maldonado's register. |
| | | | | Ruben Campos' Policy and Procedure Manuals |
| | | | | Videotapes of depositions. |

1

B

ClickHere www.fastio.com

AO 187 (Rev. 7/87) Exhibit and Witness List

# United States District Court

| Southern | DISTRICT OF | Texas |
|----------|-------------|-------|

### Corpus Christi Division

Maria Cavazos

**EXHIBIT AND WITNESS LIST**

Wal-Mart Stores, Inc. Wal-Mart Stores East, Inc.
and Wal-Mart Associates, Inc.

CASE NUMBER: C-00-034

| PRESIDING JUDGE | PLAINTIFF'S ATTORNEY | DEFENDANT'S ATTORNEY |
|-----------------|----------------------|----------------------|
| Hon. Janis Graham Jack | David A. Sibley | J. Chris Rodriguez |

| TRIAL DATE(S) | COURT REPORTER | COURTROOM DEPUTY |
|---------------|----------------|------------------|
| December 4, 2000 | | |

| PLF. NO. | DEF. NO. | DATE OFFERED | MARKED | ADMITTED | DESCRIPTION OF EXHIBITS* AND WITNESSES |
|----------|----------|--------------|--------|----------|----------------------------------------|
| | | | | | |
| | | | | | Depositions with exhibits of: |
| | 1 | | | | Maria Cavazos |
| | 2 | | | | Homer Cavazos |
| | 3 | | | | Ben Garcia |
| | 4 | | | | Marie Ison |
| | 5 | | | | Lisa Trevino |
| | 6 | | | | Ruben Campos |
| | 7 | | | | Prissy Campos |
| | | | | | Medical records from: |
| | 8 | | | | Falfurrias Medical Clinic |
| | 9 | | | | Christus Spohn Family Health Clinic |
| | 10 | | | | Corpus Christi Neurology |
| | 11 | | | | Christus Spohn Hospital Shoreline |
| | 12 | | | | Christus Spohn Hospital Kleberg |
| | 13 | | | | Alice Regional Hospital |
| | | | | | Records from : |
| | 14 | | | | Texas Workforce Commission |
| | | | | | Records regarding Plaintiff's application for employment from: |
| | 15 | | | | H.E.B. |
| | 16 | | | | Beall's Department Store |
| | 17 | | | | Whataburger Drive Inn |

* Include a notation as to the location of any exhibit not held with the case file or not available because of size.

AO 187 (Rev. 7/87) Exhibit and Witness List

# United States District Court

| _____Southern_____ | DISTRICT OF | _____Texas_____ |
|---|---|---|

Corpus Christi Division

Maria Cavazos

**EXHIBIT AND WITNESS LIST**

Wal-Mart Stores, Inc. Wal-Mart Stores East, Inc.
and Wal-Mart Associates, Inc.

CASE NUMBER: C-00-034

| PRESIDING JUDGE | PLAINTIFF'S ATTORNEY | DEFENDANT'S ATTORNEY |
|---|---|---|
| Hon. Janis Graham Jack | David A. Sibley | J. Chris Rodriguez |

| TRIAL DATE(S) | COURT REPORTER | COURTROOM DEPUTY |
|---|---|---|
| December 4, 2000 | | |

| PLF. NO. | DEF. NO. | DATE OFFERED | MARKED | ADMITTED | DESCRIPTION OF EXHIBITS* AND WITNESSES |
|---|---|---|---|---|---|
| | | | | | |
| | 18 | | | | Bowen Enterprises, Inc. d/b/a Dairy Queen |
| | | | | | Documents provided by this party pursuant to a Protective Order as follows: |
| | 19 | | | | Cashier Job Description |
| | 20 | | | | Customer Service Manager Job Description |
| | 21 | | | | Courtesy Desk Associate Job Description |
| | 22 | | | | Cash Drawer Maintenance Lesson |
| | 23 | | | | Check Tendering Lesson |
| | 24 | | | | Courtesy Desk Procedures |
| | 25 | | | | Courtesy Desk Refunds & Exchanges Lesson |
| | 26 | | | | Videotape entitled "Loss Prevention Video Series, Modules 1-7" |
| | 27 | | | | DLPS Handbook Chapters 1-12, including: |
| | | | | | a) Receiving |
| | | | | | b) Systems |
| | | | | | c) Front end |
| | | | | | d) Accounting |
| | | | | | e) Grocery & Cost Depts. |
| | | | | | f) Universal Product Code |
| | | | | | g) Invoicing |
| | | | | | h) Claims |
| | | | | | i) Specialty Division |
| | | | | | j) Inventory |

* Include a notation as to the location of any exhibit not held with the case file or not available because of size.

AO 187 (Rev. 7/87) Exhibit and Witness List

# United States District Court

| Southern | | DISTRICT OF | | Texas | |
|---|---|---|---|---|---|

### Corpus Christi Division

Maria Cavazos,

**EXHIBIT AND WITNESS LIST**

Wal-Mart Stores, Inc. Wal-Mart Stores East, Inc.
and Wal-Mart Associates, Inc.

CASE NUMBER: C-00-034

| PRESIDING JUDGE | PLAINTIFF'S ATTORNEY | DEFENDANT'S ATTORNEY |
|---|---|---|
| Hon. Janis Graham Jack | David A. Sibley | J. Chris Rodriquez |

| TRIAL DATE(S) | COURT REPORTER | COURTROOM DEPUTY |
|---|---|---|
| December 4, 2000 | | |

| PLF. NO. | DEF. NO. | DATE OFFERED | MARKED | ADMITTED | DESCRIPTION OF EXHIBITS* AND WITNESSES |
|---|---|---|---|---|---|
| | | | | | k) Risk Management |
| | | | | | l) Personnel |
| | | | | | m) Reports |
| | 28 | | | | In-Store Loss Prevention Guide, including: |
| | | | | | a) Shoplifting |
| | | | | | b) Loss Prevention & Management Responsibilities |
| | | | | | c) Apprehensions |
| | | | | | d) Shoplifter Apprehension |
| | | | | | e) General Information |
| | | | | | Legal Terms |
| | | | | | Reason for Immediate Dismissal |
| | | | | | Apprehension Report |
| | | | | | Use of Evidence Log |
| | | | | | Travel and Expenses |
| | | | | | f) Records and Follow-Up |
| | | | | | g) Fitting Room Controls |
| | | | | | h) Safety/Risk Control |
| | | | | | i) Closed Circuit Television System |
| | | | | | j) Civil Recovery |
| | | | | | k) Form - Loss Prevention Apprehension Report |
| | | | | | l) Form - Evidence Log |

* Include a notation as to the location of any exhibit not held with the case file or not available because of size.

AO 187 (Rev. 7/87) Exhibit and Witness List

# United States District Court

| Southern | DISTRICT OF | Texas |

Corpus Christi Division

Maria Cavazos,

**EXHIBIT AND WITNESS LIST**

Wal-Mart Stores, Inc. Wal-Mart Stores East, Inc.
and Wal-Mart Associates, Inc.

CASE NUMBER: C-00-034

| PRESIDING JUDGE | PLAINTIFF'S ATTORNEY | DEFENDANT'S ATTORNEY |
| --- | --- | --- |
| Hon. Janis Graham Jack | David A. Sibley | J. Chris Rodriguez |
| TRIAL DATE(S) | COURT REPORTER | COURTROOM DEPUTY |
| December 4, 2000 | | |

| PLF. NO. | DEF. NO. | DATE OFFERED | MARKED | ADMITTED | DESCRIPTION OF EXHIBITS* AND WITNESSES |
| --- | --- | --- | --- | --- | --- |
| | | | | | m) Sample - Evidence Tag |
| | | | | | n) Loss Prevention Supplies |
| | | | | | o) Recap of Video of Loss Prevention Modules 1 - 7 |
| | 29 | | | | Loss Prevention/Front End Loss Prevention Lesson |
| | 30 | | | | Cash Short/Long - Policy District #267 - 11/01/97 |
| | 31 | | | | Form - Register Spot Check Report |
| | 32 | | | | Copy of Personnel file of Maria Cavazos |
| | 33 | | | | Accounting Office |
| | 34 | | | | Accounting Office Associate Job Description |
| | | | | | Records from the store: |
| | 35 | | | | a) Store/accounting report as well as the time clock archive report |
| | 36 | | | | b) Register tape relevant to this incident may be reviewed in the offices of the undersigned attorney as the tape does not lend itself to photocopying because of its significant rolled up length. Please refer to prior responses |
| | 37 | | | | c) A copy of the cash short/long log from 11/8/98 - 9/10/99 plus 3 pages of notes applicable to the matter |
| | 38 | | | | Records of Loss Prevention Guide of District Manager |

* Include a notation as to the location of any exhibit not held with the case file or not available because of size.

C

# United States District Court
## Southern District of Texas
## Corpus Christi Division

**Maria Cavazos**

**vs.**

**No. 00-34**
**[Judge Jack]**
**[Jury Requested]**

**Wal-Mart Stores, Inc.**
**Wal-Mart Stores East, Inc.**
**Wal-Mart Associates, Inc.**

## Plaintiff's Proposed Voir Dire Questions

1. Have you ever lived or known anyone who lived in Falfurrias?

2. Have you ever been accused of slander?

3. Have you ever been slandered?

4. Do you believe that many big businesses are often able to avoid responsibility for their actions in the Courts due the expenses and difficulties of court proceedings?

5. Do you believe that many people file lawsuits frivolously?

6. Do you know any of the following people?

    1. Cindy Garza

    2. Letty Maldonado

    3. Ben Garcia

    4. Marie Ison

    5. Liza Trevino

    6. Cindy Mendoza

    7. Prissy Campos

    8. Ruben Campos

    9. Hugh Gregory

    10. Eva Hinajosa

    11. Mr. Gates

    12. Irma Salas

    13. Homer Cavazos

1

14. Marie T. Cavazos

15. Maria Naida Cavazos Perez

16. Susie Quintinilla

17. Noe Escobar

18. Cindy Carbajal

19. David Sibley

20. Chris Rodriguez

21. Dr. Jose Lozano / Custodian of Records

20. Texas Workforce Commission / Custodian of Records

21. Brooks County Sheriff's Office / Custodian of Records

22. VIM, Inc. / Custodian of Records

23. Beall's Department Store / Custodian of Records

24. La Paloma Ranch / Custodian of Records

7. What stocks do you own?

8. Have you ever been involved in a lawsuit? Explain.

9. Have you ever lived in a very small City?

10. Have you ever supervised people? Details.

11. Have you had any dealings with Wal-Mart other than as a regular shopper?

12. Have you ever been unemployed for more than a short time?

13. Have you ever owned or managed a business or business operation?

14. Do you feel it is wrong to go to court to remedy an injustice?

15. Do you feel courts are for big businesses and the wealthy nor ordinary people?

16. How important is your reputation to you?

D

CVisPDF – www.fastio.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MARIA CAVAZOS | § | |
| | § | |
| VS. | § | C.A. NO. C-00-034 |
| | § | |
| WAL-MART STORES, INC. | § | |
| WAL-MART STORES EAST, INC. | § | |
| AND WAL-MART ASSOCIATES, INC. | § | |

## DEFENDANTS' PROPOSED SPECIFIC QUESTIONS FOR VOIR DIRE

TO THE HONORABLE COURT:

COME NOW Defendants, **WAL-MART STORES, INC., WAL-MART STORES EAST, INC. AND WAL-MART ASSOCIATES, INC.,** and respectfully requests that the Court ask the following specific questions in addition to those general questions posed by the Court in voir dire of the jury panel:

1.  Do you know, or know of, the Plaintiff in this case, **MARIA CAVAZOS,** or any member of their family?  If so, who and how?

2.  Do you know, or have you or any members of your family ever been represented by any of the attorneys or law firms involved in the trial of this lawsuit?

    a.  Attorney for Plaintiff **MARIA CAVAZOS:**

        David A. Sibley
        ATTORNEY AT LAW
        719 Upper N. Broadway, Suite 120
        Corpus Christi, Texas 78477

    b.  Attorney for Defendants **WAL-MART STORES, INC., WAL-MART STORES EAST, INC. AND WAL-MART ASSOCIATES, INC.**

        J. Christopher Rodriguez
        LAW OFFICE OF J. CHRIS RODRIGUEZ, P.C.
        Wells Fargo Tower
        615 Upper N. Broadway, Suite 1450
        Corpus Christi, Texas 78477

1

3.  Does anyone know Ben Garcia, Wal-Mart's representative in this case?

4.  Is there anyone who has had a bad experience while shopping at a Wal-Mart store?

5.  Have you or any members of your family or friends ever been employed by Wal-Mart, particularly the Wal-Mart presently located at Route 2, Box 200 in Falfurrias, Texas?

6.  Are you or any member of your family involved in investigating or reporting personal injuries or loss prevention as your principal job or at your place of employment?

7.  Have you or any member of your family ever been involved in any form of law enforcement, accident reconstruction or security service?  (If so, who is or who was the employer?)

8.  Do you or any member of your family have any legal training?  (If so, what kind?)

9.  Do you know any of the following persons who may be called to testify in this case?  (All are from Falfurrias, Texas unless otherwise indicated.)

    a.  Maria Cavazos
    b.  Homer Cavazos
    c.  Ben Garica - Alice, Texas
    d.  Marie Ison  - Corpus Chrisiti, Texas
    e.  Liza Trevino
    f.  Cinday Garza
    g.  Cindy Carbajal
    h.  Prissy Campos - Alice, Texas
    i.  Ruben Campos - Corpus Christi, Texas
    j.  Hugh Gregory - Corpus Christi, Texas
    k.  Eva Hinojosa

10. Have you ever served on a jury before?  (Was it a criminal or civil case?  If civil, what type of civil case did you serve on?  Was the jury able to reach a verdict in that case?  If criminal, what kind?  Did the jury reach a verdict?

11. Have you or any member of your family ever been a party in a lawsuit?  (If so, were you the Plaintiff or Defendant?  What was the nature of the lawsuit?  What was

2

the outcome of the suit?  Was there anything about the experience which would influence you in any way in serving on this jury or would hinder you in reaching a fair and impartial verdict in this case.)

12. Have you or any member of your family ever been a witness in a lawsuit?  (If so, what was the nature of the lawsuit?  What was the outcome of the suit?  Was there anything about that experience which would influence you in any way in serving on this jury or would hinder you in reaching a fair and impartial verdict in this case?)

13. Is there anyone here who would hold it against any of the attorneys in this case if, in fact, they object to evidence and then ask you to be instructed to disregard evidence?

14. Is there anyone here who, when instructed to disregard evidence, cannot or will not follow that instruction from the Court?

15. In a civil case such as this, the Plaintiff has the responsibility to prove her case by a preponderance of the evidence; in other words, to establish that the facts upon which she bases her claims are more likely than not true.  Does everyone understand that the burden is on the Plaintiff to prove her case?

16. Do you understand that there will be disputed and undisputed facts in this case, and the fact that some facts presented by the Plaintiff are not disputed by Wal-Mart does not necessarily mean that all the facts are to be decided in the Plaintiff's favor?

17. Is there anyone here who cannot wait until all of the evidence from both parties has been heard to decide the outcome of this dispute?

18. Is there anyone who at this point believes that, just because the Plaintiff has brought this lawsuit, she must be injured and entitled to some money?

19. You will be given questions to answer at the end of this case which may ask you to award damages to the Plaintiff in an amount which would fairly and justly compensate her for the losses she is alleging.  If the Plaintiff fails to prove these damages by a preponderance of the evidence, would anyone award her damages anyway?

3

20. Is there anyone here who, if all things were equal, would favor the Plaintiff in this case simply because she is an individual and Wal-Mart is a corporation?

21. Do you understand that both the Plaintiff and Wal-Mart are "persons" in the eyes of the law?

22. Do any of you feel that a corporation should be treated any differently than an individual?

23. Do any of you think that an individual's testimony should be given greater credence than that of a corporation or its employees?

24. Would any of you allow the corporate size of Wal-Mart to unfairly enter into your consideration of the facts or alleged damages in this case?

25. Does anyone feel it is wrong for a corporation to choose to defend a claim such as this?

26. Does anyone feel at this point that they are leaning one way or another toward one party or another for any reason?

27. If you are selected as a juror in this case, you will be required to put aside any feeling of passion or prejudice and decide this case solely on the evidence introduced during the trial and the instructions that the Court will give you concerning the law.  Is there any one of you who cannot do that?

28. Do any of you know of any reason that you could not sit in this case and render a just, fair, honest and impartial verdict?

Respectfully submitted,
LAW OFFICE OF J. CHRIS RODRIGUEZ, P.C.
Wells Fargo Tower
615 Upper N. Broadway, Suite 1450
Corpus Christi, Texas   78477
361/888-9488
Fax:  361/887-2177


By: _____
    J. Christopher Rodriguez
    State Bar No. 17146700
    Federal I.D. No. 1899

4

ATTORNEY FOR DEFENDANTS
**WAL-MART STORES, INC.**
**WAL-MART STORES EAST, INC.**
**AND WAL-MART ASSOCIATES, INC.**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing instrument has been provided to all interested parties, by placing same in the U.S. Mail on this _____ day of November, 2000.

Mr. David A. Sibley
ATTORNEY AT LAW
P. O. Box 9610
Corpus Christi, Texas 78469-9610
ATTORNEY FOR PLAINTIFF
**MARIA CAVAZOS**

J. Christopher Rodriguez

5

E

# United States District Court
## Southern District of Texas
## Corpus Christi Division

**Maria Cavazos**

**vs.**

**Wal-Mart Stores, Inc.**
**Wal-Mart Stores East, Inc.**
**Wal-Mart Associates, Inc.**

**No. 00-34**
**[Judge Jack]**
**[Jury Requested]**

## PLAINTIFF'S PROPOSED JURY CHARGE

You have heard the evidence in this case. I will now instruct you on the law that you must apply. It is your duty to follow the law as I give it to you. You the jury are the judges of the facts.

Answer each question from the facts as you find them. Do not decide who you think should win and then answer the questions accordingly. Your answers and your verdict must be unanimous.

You must answer all questions from a preponderance of the evidence. This simply means the greater weight of credible evidence before you. A preponderance of the evidence simply means the amount and quality of evidence that persuades you that a claim is more likely true than not true.

Maria Cavazos to prevail must prove her claim by a preponderance of the evidence. In other words, she must convince you her claim is more likely true than not true.

You are the sole judges of the credibility of the witnesses. You may consider the relationships of the witnesses to the parties, the interests of the witnesses, the attitudes and behavior of the witnesses, the ability of the witnesses to observe the facts they testify about, the motives of the witnesses, any contradictions in testimony or the other evidence, and other things relevant to credibility. You may accept or reject the testimony of a witness in whole or in part.

You are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts established by evidence.

1

The testimony of a single witness may be sufficient to prove a fact, even if a greater number of witnesses testified differently, if you believe that single witness and not the other witnesses.

You may take this charge and the exhibits admitted into evidence with you to the jury room. Select your foreperson and deliberate. After you reach a unanimous verdict, the foreperson will fill out the verdict form with your answers to the questions. If you want to ask me a question or give me a message, give your question or message to the marshal. I will respond as appropriate.

If Wal-Mart communicated to someone other than Maria Cavazos that she stole money this would be slander unless she in truth actually did steal the money. It is not necessary that the words "steal" or "thief" or "crook" or other similar words be used, because a slanderous accusation can be made by implication or insinuation from words or actions.

In determining whether Wal-Mart communicated slander to someone other than Maria Cavazos, you may consider the facts and circumstances, including whether someone other than Maria Cavazos learned of the slander and how the other person could have learned of the slander.

Wal-Mart is responsible for communication of the slander by Maria Cavazos if Wal-Mart could reasonably foresee that Maria Cavazos would be effectively required to communicate the slander to a third party such as during application for a new job when questioned about previous employment.

Wal-Mart is also responsible for communication of slander even if it did not authorize the communication if the communication resulted from a lack of ordinary care on its part.

However, do not consider communications made by Wal-Mart as part of a reasonable investigation of possible employee misconduct and limited to management and those with a need to know or a legitimate interest in the investigation. Further, do not consider communications made to a Court or to a Quasi Judicial Officer such as a Texas Workforce Commission hearing officer.

Did Wal-Mart Slander Maria Cavazos?

ANSWER YES OR NO: _____

If you found that Wal-Mart slandered Maria Cavazos, she is entitled to recover her damages if any including any damage to her reputation, any physical pain and suffering, any mental anguish, and any lost income. If you found that Wal-Mart slandered Maria Cavazos, what damages do you find, if any? ANSWER IN DOLLARS AND CENTS, IF ANY:

Damage to her reputation: _____

Mental Anguish: _____

Physical Pain and Suffering: _____

4

CVisPDF - www.fesria.com

Answer this question only if you found that Wal-Mart slandered Maria Cavazos. If you find by clear and convincing evidence that Wal-Mart acted with malice, you may award exemplary damages. Malice means Wal-Mart's actions created an extreme risk of harm to Maria Cavazos in view of the probability and magnitude of the potential harm and Wal-Mart knew of the risk yet proceeded with conscious indifference. Clear and convincing evidence means the measure or degree of proof that produces in your mind a firm belief or conviction. You shall consider the nature of the wrong, the character of the conduct involved, the degree of culpability of the wrongdoer, the situation and sensibilities of the parties concerned, the extent to which such conduct offends a public sense of justice and propriety, and the net worth of the defendant.

ANSWER IN DOLLAR AND CENTS, IF ANY:

_____

5

F

CVisPDF – www.fastio.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MARIA CAVAZOS | § | |
| | § | |
| VS. | § | C.A. NO. C-00-034 |
| | § | |
| WAL-MART STORES, INC. | § | |
| WAL-MART STORES EAST, INC. | § | |
| AND WAL-MART ASSOCIATES, INC. | § | |

### DEFENDANTS' PROPOSED INTERROGATORIES, INSTRUCTIONS, AND DEFINITIONS TO THE JURORS

TO THE HONORABLE COURT:

COMES NOW Defendants, **WAL-MART STORES, INC., WAL-MART STORES EAST, INC. AND WAL-MART ASSOCIATES, INC.** and respectfully requests that the Court submit the following Interrogatories, Instructions, and Definitions to the Jurors:

### REQUESTED INSTRUCTION

No statement or ruling or remark which I have made during the presentation of testimony was intended to indicate my opinion as to what the facts are. You are to determine the facts. In this determination, you alone must decide upon the believability of the evidence and its weight and value. In considering the weight and value of the testimony of any witness, you may take into consideration the appearance, attitude and behavior of the witness, the interest of the witness in the outcome of the case, the relation of the witness to any of the parties, Plaintiff or Defendants, the inclination of a witness to speak truthfully or not, the probability or improbability of the witness' statements,

1

and all other facts and circumstances in evidence. Thus, you may give the testimony of any witness just such weight and value as you may believe the testimony of such witness is entitled to receive.

## REQUESTED INSTRUCTION

At times throughout the trial the Court has been called upon to pass on the question of whether certain offered evidence might be properly admitted. You are not to be concerned with the reasons for such rulings and are not to draw any inferences from them. You are instructed that, as to any question to which an objection was sustained, you must not speculate as to what the answer might have been or as to the reason for the objection. You must not consider, for any purpose, any offer of evidence that was rejected, or any evidence that was stricken by the Court; such matter is to be treated as though you had never known it. In admitting evidence to which an objection is made, the Court does not determine what weight should be given such evidence, nor does it pass on the credibility of the witness.

## REQUESTED INSTRUCTION

Regarding corporate party: This case should be considered and decided by you as an action between persons of equal standing in the community, and holding the same or similar positions in life. Corporations such as **WAL-MART**, are entitled to the same fair trial by you as are private individuals. All persons, including corporations, stand equal before the law and are to be dealt with as equals in a court of justice.

2

## REQUESTED INSTRUCTION

You are instructed that, in determining the credibility of a witness, you may consider any matter in evidence that has a tendency in reason to prove or disprove the truthfulness of his/her testimony, including, but not limited to, the following:  his/her demeanor while testifying and the manner in which he/she testified; the character of his/her testimony; the extent of his/her capacity to perceive, to recollect, or to communicate any matter about which he/she testifies; the extent of his/her opportunity to perceive any matter about which he/she testifies; the existence or nonexistence of a bias, interest, or other motive; a statement previously made by him/her that is consistent with his/her testimony; the existence or nonexistence of any fact testified to by him/her; and his/her attitude toward the action in which he/she testifies or toward the giving of testimony.

## REQUESTED INSTRUCTION

You are instructed that a fact may be established by direct evidence or circumstantial evidence or both.  A fact is established by direct evidence when proved by witnesses who saw the act done or heard the words spoken or by documentary evidence.  A fact is established by circumstantial evidence when the fact is fairly and reasonably inferred from other facts proved in the case.  As a general rule, the law makes no distinction between direct or circumstantial evidence, but simply requires that the jury find the

3

acts in accordance with a preponderance of all the evidence in the case, both direct and indirect.

### REQUESTED INSTRUCTION

You are instructed that you are not bound to decide in conformity with the testimony of a number of witnesses which does not produce conviction in your mind, as against the testimony of a lesser number of witnesses or other evidence which appeals to your mind with more convincing force.  The testimony of one witness worthy of belief is sufficient for the proof of any fact.  This does not mean that you are at liberty to disregard the testimony of a greater number of witnesses merely from caprice or prejudice, or from a desire to favor one side against the other.  It does mean that you are not to decide an issue by the simple process of counting the number of witnesses who have testified on the opposing sides.  It means that the final test is not in the relative number of witnesses, but in the relative convincing force of the evidence based upon a preponderance of the evidence.

### REQUESTED INSTRUCTION

"PREPONDERANCE OF THE EVIDENCE" means the greater weight and degree of credible testimony or evidence introduced before you and admitted in this case.

### REQUESTED INSTRUCTION

"REASONABLE OR ORDINARY CARE"  when used with respect to the conduct of **WAL-MART** as owner or occupier of a premises, means that degree of care that would be used by an owner or occupier of

4

ordinary prudence under the same or similar circumstances.

### REQUESTED INSTRUCTION

"NEGLIGENCE" when used with respect to the conduct of **MARIA CAVAZOS**, means failure to use ordinary care, that is, failing to do that which a person of ordinary prudence would have done under the same or similar circumstances or doing that which a person of ordinary prudence would not have done under the same or similar circumstances.

### REQUESTED INSTRUCTION

"REASONABLE OR ORDINARY CARE" when used with respect to the conduct of **MARIA CAVAZOS,** means that degree of care that would be used by a person of ordinary prudence under the same or similar circumstances.

### REQUESTED INSTRUCTION

"PROXIMATE CAUSE" means that cause which, in a natural and continuous sequence, produces an event, and without which cause such event would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using **ordinary care** would have foreseen that the event, or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event, but if an act or omission of any person not a party to the suit was the "sole proximate cause" of an occurrence, then no act or omission of any other person could have been a proximate cause.

5

## REQUESTED INSTRUCTION

Defamation occurs if and only if:

1.  Defendant makes a false or defamatory statement concerning the Plaintiff;

2.  The Defendant publishes or permits publication of a defamatory statement to a third person; and

3.  The publication results from intentional or negligent conduct by the Defendant.

Any statement made in the course of a judicial proceeding is absolutely privileged and may not serve as the basis for an action for defamation.

Any statement made in a quasi judicial proceeding is privileged and may not serve as the basis for an action for defamation.

An oral or written statement to the Texas Employment Commission or to an employee of the Texas Employment Commission in connection with the discharge of the commission's or of the employee's official duty is absolutely privileged and may not serve as the basis for a defamation action.

An oral or written statement made by an employer is privileged if it is made in the course of an investigation following a report of employee wrongdoing of the communication was made to a person with a duty to or an interest in pre-investigation.

Communications made by co-employees against another employee is privileged if the communication is made to a person for the duty to or interest in an investigation.

6

Respectfully submitted,

LAW OFFICE OF J. CHRIS RODRIGUEZ, P.C.
Wells Fargo Tower
615 Upper N. Broadway, Suite 1450
Corpus Christi, Texas  78477
361/888-9488
Fax:  361/887-2177


By: _____
    J. Christopher Rodriguez
    State Bar No. 17146700
    Federal I.D. No. 1899

ATTORNEY FOR DEFENDANTS
**WAL-MART STORES, INC.**
**WAL-MART STORES EAST, INC.**
**AND WAL-MART ASSOCIATES, INC.**

## CERTIFICATE OF SERVICE

    I certify that a true and correct copy of the foregoing instrument has been provided to all interested parties, by placing same in the U.S. Mail on this _____ day of November, 2000.

Mr. David A. Sibley
ATTORNEY AT LAW
P. O. Box 9610
Corpus Christi, Texas 78469-9610
ATTORNEY FOR PLAINTIFF
**MARIA CAVAZOS**


_____
J. Christopher Rodriguez

7

*X - copy*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MARIA CAVAZOS | § | |
| | § | |
| VS. | § | C.A. NO. C-00-034 |
| | § | |
| WAL-MART STORES, INC. | § | |
| WAL-MART STORES EAST, INC. | § | |
| AND WAL-MART ASSOCIATES, INC. | § | |

## DEFENDANTS' PROPOSED CHARGE OF THE COURT

COME NOW, Defendants, **WAL-MART STORES, INC., WAL-MART STORES EAST, INC. AND WAL-MART ASSOCIATES, INC.,** and files this, its Proposed Charge of the Court, and respectfully submits that the following instructions, definitions, and questions which may be presented to the jury at the conclusion of the trial of this lawsuit, subject to the evidence presented and received.

### COURT'S INSTRUCTIONS
### TO THE JURY

MEMBERS OF THE JURY:

Now that you have heard all of the evidence and the argument of counsel, it becomes my duty to give you the instructions of the court concerning law applicable to this case.

It is your duty as jurors to follow the law as I shall state it to you, and to apply that law to the facts as you find them from the evidence in this case.   You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole.   Neither are you to be concerned with the wisdom of any rule of law stated by me.   Regardless of any opinion

1

*C*

CSI4PDF - www.fasiio.com

you may have as to what the law is or ought to be, it would be a violation of your sworn duty to base a verdict upon any view of the law other than that given in the instructions of the Court, just as it would also be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything other than the evidence in the case.

In deciding the facts of this case you must not be swayed by bias or prejudice or favor as to any party. Our system of law does not permit jurors to be governed by prejudice or sympathy or public opinion. Both the parties and the public expect that you will carefully and impartially consider all of the evidence in the case, follow the law as stated by the Court, and reach a verdict regardless of the consequences.

This case should be considered and decided by you as an action between persons of equal standing in the community, and holding the same or similar stations in life. A corporation is entitled to the same fair trial at your hands as is a private individual. All persons, including corporations, stand equal before the law and are to be dealt with as equals in a court of justice.

As stated earlier, it is your duty to determine the facts, and in so doing you must consider only the evidence I have admitted in the case. The term "evidence" includes the sworn testimony of the witnesses and the exhibits admitted in the record.

Remember that any statement, objections, or arguments made by the lawyers are not evidence in the case. The function of the

2

lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing, to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls the case. What the lawyers say is not binding upon you.

So, while you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in the case.

You may consider either direct or circumstantial evidence. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact. When a witness testifies as to facts of his own knowledge, matters which he saw and heard, knowledge which came to him by virtue of his own senses or his own observations, this is direct evidence. "Circumstantial evidence" is proof of a chain of facts and circumstance indicating the occurrence or existence of other facts and circumstance. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It requires only that you weigh all the evidence admitted in the case.

Now, I have said that you must consider all of the evidence.

3

This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to his testimony. In weighing the testimony of a witness you should consider his relationship to the Plaintiff or to the Defendant; his interest, if any in the outcome of the case; his manner in testifying; his opportunity to observe or acquire knowledge concerning the facts about which he testified; his candor, fairness and intelligence; and the extent to which he has been supported or contradicted by other credible evidence. You may, in short, accept or reject the testimony of any witness in whole or in part.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or non-existence of any fact. You may find that the testimony of a smaller number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

A witness may be discredited or "impeached" by contradictory evidence, by a showing that he testified falsely concerning a material matter, or by evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witness' present testimony.

If you believe that any witness has been so impeached, then it is your exclusive province to give the testimony of that witness such credibility or weight, if any, as you may think it deserves.

The rules of evidence provide that if scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness qualified as an expert by knowledge, skill, expertise, training or education, may testify and state his opinion concerning such matters.

You may consider each expert opinion received in evidence in this case and give it such weight as you may think it deserves. If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or that the opinion is outweighed by other evidence, then you may disregard the opinion entirely.

The burden of proof is on the Plaintiff in a civil action such as this to prove every essential element of that claim by a "preponderance of the evidence." A preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more likely true than not true. In other words, to establish a claim by a "preponderance of the evidence" merely means to prove that the claim is more likely so than not so.

In determining whether any fact in issue has been proved by a preponderance of the evidence, the jury may consider the testimony of all the witnesses, regardless of who may have called them, and

5

all the exhibits received in evidence, regardless of who may have produced them.  If the proof should fail to establish any essential element of Plaintiff's claim by a preponderance of the evidence, the jury should find for the Defendant as to that claim.

In this case, Plaintiff claims that Defendant was negligent and that such negligence was a proximate cause of the injuries and damages sustained by Plaintiff.  Specifically, Plaintiff alleges that she opened a refrigerated unit and states that a container of three dips fell off of the shelf striking her on her shoulder on the Defendant's premises which caused her alleged injuries.

In order to prevail on this claim, the Plaintiff must prove by a preponderance of the evidence that **WAL-MART** made defamatory statements about the Plaintiff, outside of the qualified privilege of Wal-Mart to investigate possible employee wrongdoing.

Defamation occurs if and only if:

1.    Defendant makes a false or defamatory statement concerning the Plaintiff;

2.    The Defendant publishes or permits publication of a defamatory statement to a third person; and

3.    The publication results from intentional or negligent conduct by the Defendant.

Any statement made in the course of a judicial proceeding is absolutely privileged and may not serve as the basis for an action for defamation.

Any statement made in a quasi judicial proceeding is

6

privileged and may not serve as the basis for an action for defamation.

An oral or written statement to the Texas Employment Commission or to an employee of the Texas Employment Commission in connection with the discharge of the commission's or of the employee's official duty is absolutely privileged and may not serve as the basis for a defamation action.

An oral or written statement made by an employer is privileged if it is made in the course of an investigation following a report of employee wrongdoing of the communication was made to a person with a duty to or an interest in pre-investigation.

Communications made by co-employees against another employee is privileged if the communication is made to a person for the duty to or interest in an investigation.

"Negligence" means the failure to use reasonable care, that is, failing to do that which a person of ordinary prudence would have done under the same or similar circumstances or doing that which a person or ordinary prudence would not have done under the same or similar circumstances.

"Proximate cause" means that cause which, in a natural and continuous sequence, produces an event, and without which cause such event would not have occurred; and in order to be a proximate cause, the act or omission complained of must be such that a person using ordinary care would have foreseen that the event, or some similar event, might reasonably result therefrom.  There may be

7

more than one proximate cause of an event.

Defendants contend that the Plaintiff was herself negligent and that such negligence was a proximate cause of her own injury. This is a defensive claim and the burden of proving that claim by a preponderance of the evidence is upon the Defendant. The Defendant must establish:

1.     That the Plaintiff failed to exercise reasonable care on the occasion in question; and

2.     That the failure of Plaintiff to exercise reasonable care was a proximate cause of Plaintiff's own damages.

You are further instructed that negligence is never presumed, and the mere happening of an accident is not necessarily evidence at all of negligence.

You are also instructed that you should not assess any amount of damages for disease or physical defect arising after the occurrence in question.

The Plaintiff also has a duty to minimize her damages by following the expert recommendations of her physicians.  In other words, a person who has suffered injury by reason of a Defendants' actions is bound to use reasonable and proper effort to make the damages as small as practicable, and to act in good faith to adopt reasonable methods and follow reasonable programs of medical care or treatment to restore herself.

Failure of the Plaintiff to make a reasonable effort to minimize damages does not prevent all recovery, but does prevent

8

recovery of such damages as might have been avoided thereby.

In considering the issue of Plaintiff's damages, you are instructed that you should assess the amount you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for all of the Plaintiff's damages, no more and no less. Damages are not allowed as a punishment and cannot be imposed or increased to penalize the Defendant. Neither can damages be based on speculation because it is only actual damages - what the law calls compensatory damages - that are recoverable.

On the other hand, compensatory damages are not restricted to actual loss of time or money; they cover both the mental and physical aspects of injury -- tangible and intangible. They are an attempt to restore the Plaintiff, that is, to make her whole or as she was immediately prior to this injuries.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence, and no others:

Any bodily injury sustained by the Plaintiff and any resulting pain and suffering, disability, mental anguish and loss of capacity for the enjoyment of life experienced in the past or to be experienced in the future. No evidence of the value of such intangible things as mental or physical pain and suffering has been or need be introduced. In that respect it is not value that you are trying to determine, but an amount that will fairly compensate the Plaintiff for the damages she has suffered. There is no exact

9

standard for fixing the compensation to be awarded on account of such elements of damage. Any such award should be fair and just in light of the evidence.

The reasonable expense of hospitalization and medical and nursing care and treatment necessarily or reasonably obtained by the Plaintiff in the past or to be so obtained in the future.

If a preponderance of the evidence shows that the Plaintiff has been permanently injured, you may consider her life expectancy. The mortality tables received in evidence may be considered in determining how long the claimant may be expected to live. Bear in mind, however, that life expectancy as shown by mortality tables is merely an estimate of the average remaining life of all persons in the United States of a given age and sex having average health and exposure to danger of persons in that class. So, such tables are not binding on you but may be considered together with the other evidence in the case bearing on the Plaintiff's health, age, occupation, and physical condition, before and after the injury, in determining the probable length of her life.

When considering life expectancy in determining future damages, you should bear in mind, of course, the distinction between entire life expectancy and work life expectancy, and those elements of damage related to future income should be measured only by the Plaintiff's remaining life expectancy.

If the Jury should find that the evidence establishes either a reasonable likelihood of future medical expenses or a reasonable

10

CVisPDF - www.fasoo.com

likelihood of a loss of future earnings, then it becomes the duty of the jury to ascertain the present worth in dollars of such future damages, since an award of future damages necessarily requires that payment be made now for a loss that will not actually be sustained until some future date.

In order to make a reasonable adjustment of the present use, interest free, of money representing a lump-sum payment of anticipated future loss, the law requires that the jury discount, or reduce to its present worth, the amount of the anticipated future loss by taking (1) the interest rate or return which the Plaintiff could reasonably be expected to receive based on the rate of interest prevailing at this time in Corpus Christi, on an investment of the lump-sum payment, together with (2) the period of time over which the future loss is reasonably certain to be sustained; and then reduce, or in effect deduct from, the total amount would be reasonably certain to earn or return, if invested a such rate of interest over such future period of time; and include in the verdict an award for only the present worth, the reduced amount, of the total anticipated future loss.

Bear in mind that your duty to discount to present value applies to loss of future earnings or future medical expenses. If you should find that the Plaintiff is entitled to damages for future pain and suffering or future mental anguish, then such award is not subject to any reduction for the present use.

In considering any element of damage to be experienced in the

11

future you are instructed that you should not take into account any possible effect of present or future inflation one way or another.

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe Plaintiff should, or should not, prevail in this case.

Your verdict must represent the considered judgment of each juror.   In order to return a verdict, it is necessary that each juror agree thereto.   In other words, your verdict must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement if you can do so without violence to individual judgment.  Each of you must decide the case yourself, but only after an impartial consideration of all the evidence in the case with your fellow jurors.   In the course of your deliberation do not hesitate to re-examine your own views, and change your opinion, if convinced it is erroneous.   But do not surrender your honest conviction as to the weight or effect of the evidence, solely because of the opinion of your fellow jurors, or for the mere purposes of returning a verdict.

Remember at all times you are not partisans.  You are judges - judges of facts.  Your sole interest is to seek the truth from the evidence in the case.

Upon retiring to the jury room you should first select one of your jurors to act as your foreman or forewoman who will preside

12

CIVPDF - www.fastio.com

over your deliberations and will be your spokesman here in court. A form of verdict has been prepared for your convenience.

If, during your deliberations, you should desire to communicate with the Court, please reduce your message or question to writing signed by the foreman or forewoman, and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should never state or specify your numerical division at the time.

You should not discuss the case with anyone, not even with other members of the Jury, unless all of you are present and assembled in the jury room. Should anyone attempt to talk to you about the case before the verdict is returned, whether at the courthouse, at your home, or elsewhere, please inform the Judge of this fact.

You will take the verdict form to the jury room and when you have reached a unanimous agreement as to your verdict, you will have your foreman fill it in, date and sign it, and then return to the courtroom.

_____

U.S. DISTRICT JUDGE PRESIDING

13

## Certificate

We, the jury, have answered the above and foregoing questions as herein indicated, and herewith return same into court as our verdict.

(To be signed by the presiding juror if unanimous.)

_____
PRESIDING JUROR

(To be signed by those rendering the verdict.)

_____    _____

_____    _____

_____    _____

_____    _____

_____    _____

14

Respectfully submitted,

LAW OFFICE OF J. CHRIS RODRIGUEZ, P.C.
Wells Fargo Tower
615 Upper N. Broadway, Suite 1450
Corpus Christi, Texas  78477
361/888-9488
Fax:  361/887-2177


By:_____
    J. Christopher Rodriguez
    State Bar No. 17146700
    Federal I.D. No. 1899

ATTORNEY FOR DEFENDANTS
**WAL-MART STORES, INC.**
**WAL-MART STORES EAST, INC.**
**AND WAL-MART ASSOCIATES, INC.**

## CERTIFICATE OF SERVICE

    I certify that a true and correct copy of the foregoing instrument has been provided to all interested parties, by placing same in the U.S. Mail on this _____ day of November, 2000.

Mr. David A. Sibley
ATTORNEY AT LAW
P. O. Box 9610
Corpus Christi, Texas 78469-9610
ATTORNEY FOR PLAINTIFF
**MARIA CAVAZOS**

                                              _____
                                            J. Christopher Rodriguez

15

## QUESTION NO. 1

Did **WAL-MART** commit defamation as to Plaintiff, **MARIA CAVAZOS**?

Defamation occurs if and only if:

1.  Defendant makes a false or defamatory statement concerning the Plaintiff;

2.  The Defendant publishes or permits publication of a defamatory statement to a third person; and

3.  The publication results from intentional or negligent conduct by the Defendant.

Any statement made in the course of a judicial proceeding is absolutely privileged and may not serve as the basis for an action for defamation.

Any statement made in a quasi judicial proceeding is privileged and may not serve as the basis for an action for defamation.

An oral or written statement to the Texas Employment Commission or to an employee of the Texas Employment Commission in connection with the discharge of the commission's or of the employee's official duty is absolutely privileged and may not serve as the basis for a defamation action.

An oral or written statement made by an employer is privileged if it is made in the course of an investigation following a report of employee wrongdoing of the communication was made to a person with a duty to or an interest in pre-investigation.

Communications made by co-employees against another employee is privileged if the communication is made to a person for the duty to or interest in an investigation.

Answer "Yes" or "No" for the following:

Wal-Mart Stores, Inc.                   _____

16

If you answered Questions No. _____, _____ or _____ "yes," answer the following question.   Otherwise do not answer the following question.

## QUESTION NO.2

Do you find by clear and convincing evidence that the harm to Plaintiff, MARIA CAVAZOS resulted from malice?

"Clear and convincing evidence" means the measure or degree of proof that produces a firm belief or conviction of the truth of the allegations sought to be established.

"Malice" is defined as:

(a)   a specific intent by **WAL-MART STORES, INC.** to cause substantial injury to Plaintiff, **MARIA CAVAZOS**; or

(b)   an act or omission by **WAL-MART STORES, INC.,**

> (i)   which, when viewed objectively from the standpoint of **WAL-MART STORES, INC.** at the time of its occurrence, involved in extreme degree of risk, considering the probability and magnitude of the potential harm to others; and

> (ii)   of which **WAL-MART STORES, INC.** had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others.

Answer "Yes" or "No."

Answer:_____

17

If you answered Questions No. _____, _____ or _____ "yes," then answer the following question.  Otherwise do not answer the following question.

### QUESTION NO.3

Do you find that the Plaintiff, **MARIA CAVAZOS**, consented to, authorized, contributed to, or procured the defamation the subject of this lawsuit?

Answer "Yes" or "No."

Answer: _____

18

<u>QUESTION NO. 4</u>:

What percentage of the negligence that caused the occurrence do you find to be attributable to each of those found by you, in your answer to Question _____ , to have been negligent?

The percentages you find must total 100 percent. The negligence attributable to a person named below is not necessarily measured by the number of acts or omissions found. The percentage attributable to a person need not be the same percentage attributed to that person in answering another question.

a.   Maria Cavazos                    _____ %

b.   Wal-Mart Stores, Inc.           _____ %

TOTAL                                _____100_____ %

19

## QUESTION NO. 5:

What sum of money, if paid now in cash, would fairly and reasonably compensate **MARIA CAVAZOS** for her injuries, if any, that resulted from the occurrence in question?

Consider the elements of damages listed below and none other. Consider each element separately. Do not include damages for one element in any other element. Do not include interest on any amount of damages you find.

Do not include any amount for any condition not resulting from the occurrence in question.

Element a.   Physical pain and mental anguish

Element b.   Medical care

Element c.   Physical impairment

Do not reduce the amounts, if any, in your answers because of the negligence, if any, that you have attributed to **MARIA CAVAZOS** in Question Nos. _____ and _____ .

Answer in dollars and cents for damages, if any, that were sustained in the past and that in reasonable probability will be sustained in the future.


ANSWER: _____

20

## QUESTION NO. 6:

What sum of money, if any, should be assessed against **WAL-MART,** and awarded to **MARIA CAVAZOS** as exemplary damages for the conduct found in response to Question No. _____?

> "Exemplary damages" means any damages awarded as a penalty or by way of punishment.  Exemplary damages includes punitive damages.

In determining the amount of exemplary damages you should consider evidence, if any, relating to:

a.   The nature of the wrong.
b.   The character of the conduct involved.
c.   The degree of culpability of the wrongdoer.
d.   The situation and sensibilities of the parties concerned.
e.   The extent to which such conduct offends a public sense or justice and propriety.
f.   The net worth of **WAL-MART STORES, INC.**

Answer in dollars and cents, if any.


Answer: _____

21

G

## United States District Court
## Southern District of Texas
## Corpus Christi Division

**Maria Cavazos**

**vs.**                                          **No. 00-34**
                                                 **[Judge Jack]**
**Wal-Mart Stores, Inc.**                        **[Jury Requested]**
**Wal-Mart Stores East, Inc.**
**Wal-Mart Associates, Inc.**

## Plaintiff's Motion in Limine

TO THE HONORABLE COURT:

Maria Cavazos respectfully agrees to the following motions in limine requested by Wal-Mart and requests that the order in limine be mutually binding on both parties:

1-2, 4-5. 7, 9-10, 12-13, 15-16, 18, 20, 21

Maria Cavazos objects to the following motions in limine requested by Wal-Mart:

3       Plaintiff is entitled to know if a potential juror or relative or friend works in the insurance industry just as Defendants are entitled to know if a potential juror works in the security, legal, etc. industries. This is a factor Plaintiff is entitled to use to exercise her strikes. Many lawyers and other people would believe someone who works in the insurance industry is more likely biased against Plaintiffs than someone who does not. This question does not infer one way or the other on whether Wal-Mart has insurance.

6       This is over broad. Many statements by a third persons are not hearsay for among other reasons because the statements are offered for a purpose other than to prove the truth of the matter asserted or fall within an exception to the hearsay rule. As one very pertinent example, if someone approaches Cavazos and states: "I know you didn't do it." This could be offered to prove as circumstantial evidence publication of the slanderous statement as opposed to the truth of the matter asserted.

8       Plaintiff on cross examination should be able to inquire as to why requested documents were not produced particularly if the witness references the unproduced documents.

1

11     Pretrial motions and superseded pleadings and other similar documents are admissible as admissions. Defendant is not entitled to conceal these documents.

14     The Maldonado incident is not irrelevant. The fact that a very similar incident occurred a month earlier on the same register is relevant for a number of reasons.

17     The wealth of Wal-Mart is relevant on the issue of exemplary damages.

19     The maldonado incident is relevant. The pattern of these types of incidents nation-wide is also relevant both on Wal-Mart's policies and procedures and a pattern of behavior.

Additionally, Maria Cavazos requests the additional orders in limine:

1.     Any reference to any medical condition in her medical records not pertinent to stress, headaches, or mental anguish particular any medical conditions of private nature.

2.     Any reference to any misconduct or reputation or conviction or statements or behavior of Homer Cavazos because his reputation and conduct is not at issue here. However, no objection exists to any evidence that he may have contributed to publication of the slander at issue in that any such evidence is admittedly relevant.

3.     Any reference to negligence or contributory negligence because negligence and contributory negligence are not a defense to slander.

**Respectfully Submitted,**

**David A. Sibley**
**Attorney At Law**
P.O. Box 9610
719 N. Upper Broadway (78401)
Corpus Christi, Texas 78469-9610
(361) 882-2377 — Telephone
(361) 882-4482 — Telecopier
(361) 779-4332 — Mobile
sibleyd@swbell.net — Email
Toll Free Voice Mail (888) 461-8736 Box 427
State Bar No. 18337600
Federal I.D. 10053
ATTORNEY-IN-CHARGE FOR MARIA CAVAZOS

2

H

CVisPDF - www.fxvisx.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MARIA CAVAZOS | § | |
| | § | |
| VS. | § | C.A. NO. C-00-034 |
| | § | |
| WAL-MART STORES, INC. | § | |
| WAL-MART STORES EAST, INC. | § | |
| AND WAL-MART ASSOCIATES, INC. | § | |

## DEFENDANTS' MOTION IN LIMINE AND ORDER

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Defendants **WAL-MART STORES, INC., WAL-MART STORES EAST, INC. AND WAL-MART ASSOCIATES, INC.** and before trial of the above entitled and numbered cause has begun, before voir dire examination of the jury, and before receipt of any evidence, makes and presents this Motion in Limine and Order.

I.

This Defendants move this Court to instruct Plaintiff, Plaintiff's counsel and Plaintiff's witnesses to refrain from mentioning to the Jury, directly or indirectly, any of the following matters, unless such matters have first been called to the attention of the Court, out of the presence of the Jury, and a favorable ruling is obtained from the Court as to the admissibility and relevance of such matters:

GRANTED/DENIED:

_____  (1)  The fact that Defendants are covered by some form of liability insurance with respect tc the accident in question.

_____  (2)  Any references to the alleged liability insurance crisis, including but limited to questions regarding the current state of affairs in the liability insurance industry.

1

(3) Inquiries of whether any Juror has any connection with the insurance industry.

(4) Inquiries to the Jury panel as to whether they would answer an issue of damages in accordance with the evidence, regardless of who pays the damages or when the damages will be paid, or any similar version of such inquiry, for the reason that the same improperly injects the implication of insurance into this suit.

(5) Hearsay statements made by the Plaintiff as to what Plaintiff's treating physicians have told the Plaintiff.

(6) Hearsay statements made by the Plaintiff as to what Plaintiff's third party witnesses have told the Plaintiff.

(7) Offers of settlement or settlement negotiations.

(8) Statements that Defendants have failed to produce tangible evidence as required or requested, until such has been determined by the Court away from the Jury.

(9) Demands or requests in the presence of the Jury for documents or information that may be contained in the undersigned's file.

(10) The fact that Defendants do not call to testify any witness equally available to all parties in this cause. Furthermore, Defendants move that all other counsel be instructed not to suggest to the Jury what would have been the testimony of any witness not actually called to testify.

(11) The contents of (1) any pretrial motions on matters of fact and/or law; (2) the contents of any pleadings regarding the discovery of any items not yet produced by or not available to Defendants; and (3) the contents of any pleadings which have been superseded by the trial pleadings.

(12) The calling as a witness of any persons who have not been previously identified in response to discovery requests.

2

_____ (13) The tendering to any witness any document or tangible thing not identified in response to discovery requests.

_____ (14) Statements or references to any prior incidents on Defendants' premises for the reason that such evidence is irrelevant and immaterial.

_____ (15) Statements or references to any subsequent incidents on Defendants' premises for the reason that such evidence is irrelevant and immaterial.

_____ (16) Any references to any policies of Defendants not in effect at the time of the incident, for the reason that such evidence is irrelevant and immaterial, and any mention of such evidence would be harmful and prejudicial to Defendants.

_____ (17) References to the poverty or wealth of any party.

_____ (18) Any references to opposing counsel's actions in the pretrial process.

_____ (19) Any references to other suits, claims or allegations of damages arising from any other incident involving Defendants other than the incident in question.

_____ (20) Any references to any pre- or post-incident changes for the reason that such evidence is irrelevant and immaterial and any mention of such evidence would be harmful and prejudicial to Defendants.

_____ (21) Any references to the fact that this motion has been filed.

II.

Defendants respectfully requests that this Court instruct counsel for Plaintiff to approach the bench out of the presence and hearing of the Jury, inform the Court and counsel that he intends to go into any of the above matters and state to the Court at that

3

time, what the relevancy of those matters should be to this case. It is further requested that Plaintiff's counsel be instructed that until he has done the foregoing, his clients and any and all witnesses are not to mention or refer to by word, act, deed or innuendo any of the above matters.

WHEREFORE, PREMISES CONSIDERED, Defendants pray that this Court grant this Motion in whole or in part and grant Defendants such other and further relief to which they may show itself justly entitled.

Respectfully submitted,
LAW OFFICE OF J. CHRIS RODRIGUEZ, P.C.
Wells Fargo Tower
615 Upper N. Broadway, Suite 1450
Corpus Christi, Texas  78477
361/888-9488
Fax:  361/887-2177


By: _____
     J. Christopher Rodriguez
     State Bar No. 17146700
     Federal I.D. No. 1899
ATTORNEY FOR DEFENDANTS
**WAL-MART STORES, INC.**
**WAL-MART STORES EAST, INC.**
**AND WAL-MART ASSOCIATES, INC.**

### CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing instrument has been provided to all interested parties, by placing same in the U.S. Mail on this _____ day of November, 2000.

Mr. David A. Sibley
ATTORNEY AT LAW
P. O. Box 9610
Corpus Christi, Texas 78469-9610
ATTORNEY FOR PLAINTIFF
**MARIA CAVAZOS**

_____
J. Christopher Rodriguez

4

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

MARIA CAVAZOS                        §
                                     §
VS.                                  §        C.A. NO. C-00-034
                                     §
WAL-MART STORES, INC.                §
WAL-MART STORES EAST, INC.           §
AND WAL-MART ASSOCIATES, INC.        §

## O R D E R

On this day came on to be heard Defendants' Motion in Limine
and the Court, after considering same, hereby ORDERS as follows:

1.  That Defendants' Motion in Limine, and the Court's rulings
noted thereon, is hereby made an attachment to this Order;

2.  That this Court has rendered its decision as to each
individual request and said decision is written in the designated
space next to each numbered request.

3.  That Counsel for Plaintiff is instructed to refrain and
desist from mentioning any of these matters referred to in the
foregoing Motion which have been sustained by the Court, and to
instruct the witnesses or parties who may be in or about the
courtroom during any state of these proceedings, from mentioning
any of the matters referred to above, in accordance with such
Motion, without first approaching the bench and obtaining a ruling
thereon.

SIGNED, ORDERED AND ENTERED on _____,
2000.

_____
U.S. DISTRICT JUDGE PRESIDING

5