United States District Court
Southern District of Texas
Corpus Christi Division

United States District Court
Southern District of Texas
FILED
DEC - 4 2000
MICHAEL N. MILBY
CLERK

Maria Cavazos

vs.

Wal-Mart Stores, Inc.
Wal-Mart Stores East, Inc.
Wal-Mart Associates, Inc.

No. 00-34
[Jury Requested]

# BRIEF ON DAMAGES

To the Honorable Court:

Maria Cavazos respectfully files this Brief on damages.

### Slanderous Per Se

1. A statement is slanderous per se if it affects the person injuriously in his office, profession, or occupation or imputes criminal conduct. If a statement is slanderous per se, damages are presumed. **See Tucker v. Shearson Lehman**, 806 S.W.2d 914 (Tex. App. -- Corpus Christi 1991, writ dismissed); and **Campbell v. Salazar**, 960 S.W.2d 719 (Tex. App. -- El Paso 1997, writ denied).

2. Clearly, a statement that an employee is terminated for stealing is slanderous per se. Further, a slanderous accusation of criminal activity can be made by implication or insinuation if the statement would naturally and presumably be understood to those who heard it to be an accusation that the person to whom it relates is guilty of a crime. A statement that the employee took more firewood than he paid for is slanderous per se because even though it did not include the words "stole" or "thief" or "crook" the clear implication was that the employee committed a crime. **Dewald v. Home Depot**, 2000 Tex. App. Lexis 5757 (Tex. App. – Dallas August 25, 2000).

### Reputation Damages

3. Reputation damages from slander are purely personal and cannot be measured by any fixed rule or standard, and the amount awarded rests largely within the discretion of the jury. No independent proof of damage to reputation is required. It is presumed. **See Tucker v. Shearson Lehman**, 806 S.W.2d 914 (Tex. App. -- Corpus Christi 1991, writ dismissed).

1

51.

## **Mental Anguish**

4. Mental anguish may be recovered for slander. **See Tucker v. Shearson Lehman**, 806 S.W.2d 914 (Tex. App. -- Corpus Christi 1991). Much discretion must be given to the jury in setting the amount of mental anguish because they are best suited to determine whether and to what extent defendant's conduct caused compensable mental anguish. Once the existence of mental anguish is established, the incalculable amount cannot logically be refuted or shown to be factually insufficient. **Odem v. Wal-Mart Stores, Inc.**, 929 S.W.2d 513 (Tex. App. – San Antonio 1996, writ denied).

5. Evidence such as headaches, difficulty leaving the house, embarrassment, and fear all support recovery for mental anguish. **Campbell v. Salazar**, 960 S.W.2d 719 (Tex. App. – El Paso 1997, writ denied). Similarly, evidence such as inability to enter the store again and inability to erase the incident from thoughts and embarrassment supports mental anguish. **Odem v. Wal-Mart Stores, Inc.**, 929 S.W.2d 513 (Tex. App. – San Antonio 1996, writ denied).

6. The term "mental anguish" implies a relatively high degree of mental pain and distress. It is more than mere disappointment, anger, resentment or embarrassment, although it may include all of these. It includes a mental sensation of pain resulting from such painful emotions as grief, severe disappointment, indignation, wounded pride, shame, despair and/or public humiliation. Direct evidence is necessary of the nature, duration, or severity of anguish thus establishing a substantial disruption of daily routine." **Ortiz v.Furr's**, 26 S.W.3d 646 (Tex. App. El Paso 2000, no writ).

## **Special Damages**

9. Lost income is recoverable. **See Tucker v. Shearson Lehman**, 806 S.W.2d 914 (Tex. App. -- Corpus Christi 1991, writ dismissed). List income earning capacity is recoverable, and the jury may consider that "an accusation that one stole from his employer would have on the employee's ability to acquire and maintain quality employment." **Borden v. Rios**, 850 S.W.2d 821 (Tex. App. – Corpus Christi 1993, writ granted and then dismissed due to settlement).

Respectfully Submitted,

*[signature: David Sibley]*

**David A. Sibley**
**Attorney At Law**
P.O. Box 9610
Corpus Christi, Texas 78469-9610
(361) 882-2377 — Telephone
(361) 692-0142 — Telecopier
State Bar No. 18337600
Federal I.D. 10053
ATTORNEY-IN-CHARGE FOR **MARIA CAVAZOS**

## CERTIFICATE OF SERVICE

On December 3, 2000, I served this as follows:

**VIA TELECOPY NO. (361) 887-2177**
Chriss Rodriguez
Attorney For Defendants

*[signature: David Sibley]*

David A. Sibley

3