United States District Court
Southern District of Texas
Corpus Christi Division

United States District Court
Southern District of Texas
FILED

DEC 0 4 2000

MICHAEL N. MILBY CLERK

Maria Cavazos

vs.

Wal-Mart Stores, Inc.
Wal-Mart Stores East, Inc.
Wal-Mart Associates, Inc.

No. 00-34
[Jury Requested]

## BRIEF ON PUBLICATION

To the Honorable Court:

    Maria Cavazos respectfully files this Brief on publication.

### Definition

1. A publication is defined as either a negligent or intentional act that communicates defamatory matter to a person other than the person defamed. **Shearson v. Lehman**, 806 S.W.2d 914 (Tex. App. – Corpus Christi 1991, writ dism'd).

### Negligent Publication

2. If a reasonable person would recognize that his act creates an unreasonable risk that the defamatory statements will be communicated to a third party, his conduct is negligent communication, which amounts to publication as much as an intentional communication. **Campbell v. Salazar**, 960 S.W.2d 719 (Tex. App. – El Paso 1997, writ denied).

### Self Publication

3. Texas case law recognizes a cause of action for defamatory matters which have been self published. If the circumstances surrounding a defamatory statement indicated that communication of the statement to a third party is likely a publication may occur when the defamed party tells a third party. In the real world of employment, employers should expect terminated employees to share with prospective employers the alleged reasons for their termination. If an employer gives untrue defamatory reasons for terminating an employee, it should recognize that such conduct creates an unreasonable risk that the defamatory matter will be communicated to prospective employers.

1

52.

Although the employee is not under legal compulsion to make the disclosure, he is under a practical compulsion to do so. If the employee does not respond truthfully to inquiry, he could be fired if the false statement is later discovered. Therefore, under such circumstances the decision by an employee to repeat defamatory matters to a prospective employer is not a voluntary self publication. An employee who honestly answers questions regarding reasons for termination is entitled to collect for injuries resulting from such answers whether the publication is called self publication or negligent publication. **Dewald v. Home Depot**, 200 Tex. App. 5757 (Tex. App. – Dallas 2000, no writ). **See also** **First State Bank of Corpus Christi v. Ake**, 606 S.W.2d 696 (Tex. App. Corpus Christi 1980, n.r.e.); **Chasewood Construction v. Rico**, 696 S.W.2d 439 (Tex. App. San Antonio 1985, n.r.e.).

### Circumstantial Evidence

4. Publication can be proven by circumstantial evidence. As the San Antonio Court of Appeals has held in a "False Light" case, the jury can infer that the employer published its accusation of theft against the employee where the employee presents evidence that knowledge of the accusation was widespread in the community and the employee shows he is not responsible. **Diamond Shamrock v. Mendez**, 809 S.W.2d 514 (Tex. App. – San Antonio 1991, writ granted), affirmed in part and reversed in part, 844 S.W.2d 198 (Tex. 1992) (relevant part not reversed).

> To prevail in a false light claim, [defamatory] statements must have been **published** .... The facts that Mendez left the plant without talking to anyone immediately after being fired, and that the story of the nails in his lunch bag was all over the plant later that morning, supports the jury's conclusion that the refinery management publicized the matter to so many persons that the matter must be regarded as substantially certain to become one of public knowledge..... Once the matter was publicized to the refinery's employees, it was not unreasonable to expect it to become common knowledge within the small community of Three Rivers.... While there was evidence that Mendez and his wife told some people in the community the reason he was terminated, there were also people who approached them who already knew the story. We conclude that the evidence was sufficient to support the jury's finding.

2

Respectfully Submitted,

*David A. Sibley* (signature)

**David A. Sibley**
**Attorney At Law**
P.O. Box 9610
Corpus Christi, Texas 78469-9610
(361) 882-2377 — Telephone
(361) 692-0142 — Telecopier
State Bar No. 18337600
Federal I.D. 10053
ATTORNEY-IN-CHARGE FOR **MARIA CAVAZOS**

## CERTIFICATE OF SERVICE

On Sunday, December 3, 2000, I served this as follows:

**VIA TELECOPY NO. (361) 887-2177**
Chriss Rodriguez
Attorney For Defendants

*David A. Sibley* (signature)

David A. Sibley

3

ClibPDF - www.fastio.com