United States District Court
Southern District of Texas
FILED

DEC 0 4 2000

MICHAEL N. MILBY CLERK

**United States District Court
Southern District of Texas
Corpus Christi Division**

**Maria Cavazos**

**vs.**

**No. 00-34
[Jury Requested]**

**Wal-Mart Stores, Inc.
Wal-Mart Stores East, Inc.
Wal-Mart Associates, Inc.**

## BRIEF ON PUBLICATION BY CAVAZOS

To the Honorable Court:

Maria Cavazos respectfully files this Brief on the legal effect of any publications by her.

**Stephens v. Delhi Gas Pipeline, 924 S.W.2d 765 (Tex. App. Texarkana 1996, denied)**

1. Stephens alleged his employer Delhi slandered him by accusing him of theft.

Delhi ... contends that Stephens' voluntary self-publication of the reasons for his firing bars his slander claim. **See Lyle v. Waddle**, 144 Tex. 90,188 S.W.2d 770 (1945) .... Stephens concedes that he discussed his firing and the purported reasons with several other people. Delhi says this self-publication bars his action.

In **Lyle v. Waddle**, supra, the plaintiff was seeking damages for information that she herself relayed in a letter .... She sought damages for publication to the very person to which she gave the information. That is not the situation here. Stephens is seeking damages for publication of the defamatory information to third parties not of his choosing. **His publication of the information to his own friends and confidants does not bar his suit, but it might be relevant to mitigation of damages, if he recovers damages**.

1

53

2. Thus, the mere fact that Cavazos discloses the accusation made by Wal-Mart to a friend or confidant does not bar her recovery, although it could be relevant to the amount of damages.

3. Simply, a publication by Cavazos to a friend or confidant does not prevent her from complaining about unauthorized publications by Wal-Mart to others. Its only relevance goes to whether her publication caused all or part of the damage as opposed to Wal-Mart's publications.

4. In other words, Cavazos cannot recover with respect to a publication that she consented to, authorized, invited, or procured. **Lyle v. Waddle**, 144 Tex. 90, 188 S.W.2d 770 (Tex. 1945). However, it does not follow from the fact that she consented to, authorized, invited, procured, or even made a publication to a friend or confidant that she consented, authorized, invited, or procured publications made by Wal-Mart to other people. Every publication is a separate tort.

### Diamond Shamrock v. Mendez, 809 S.W.2d 514 (Tex. App. – San Antonio 1991)[1]

5. Mendez admitted to publishing the accusation of theft to various people such as family. He even admitted to speaking to 75 to 100 former coworkers about the accusation of theft (some already knew and some didn't). However, the Court held the jury was entitled to find based on various circumstances that the employer published the defamatory accusation. Everybody at the plant knew almost immediately. He left without saying anything to anyone. The people he spoke to first didn't publish the defamatory accusation to anyone. Again, the issue is whether the defendant's publication caused the damage complained about. A publication to someone who already knows or to someone like a family member does not cause any damage. There is no known authority holding that a single publication by the defamed party prevents the defamed party from recovering for the defamation.

### Statements Preparatory to Litigation

6. Publications made the course of judicial proceedings or in preparation for judicial proceedings are absolutely privileged to allow the judicial system to function. Along similar lines, statements made in the course of judicial proceedings or in preparation for judicial proceedings should not bar a party from relief otherwise due them. Cavazos should not be barred from relief by making statements properly designed to pursue that relief in a judicial forum.

7. **In Russell v. Clark**, 620 S.W.2d 865 (Tex. App. Dallas 1981), the Court held that statements preparatory to judicial proceedings should be absolutely privileged just like statements made during the course of judicial proceedings for the same policy reasons. **See also Randolph v.**

---

[1]Reversed, but relevant part of case not basis for the reversal.

**Jackson, Walker**, 2000 Tex. App. Lexis 6206 (Tex. App. – Houston [14th] September 14, 2000) (Absolute privilege for statements in course of judicial proceedings applies to statements made in connection with contemplated or proposed judicial proceedings. Courts have deemed conduct related to the initiation of a suit as sufficiently related to a judicial proceeding to be absolutely privileged); and **Thomas v. Bracey**, 940 S.W.2d 340 (Tex. App. San Antonio 1997) (Demand letter written in contemplation of litigation was absolutely privileged. The absolute privilege for statements made in judicial proceedings has been extended to statements made in contemplation of and preliminary to judicial proceedings. All doubts should be resolved in favor of the communication relating to a proceeding); **Darrah v. Hinds**, 720 S.W.2d 689 (Tex. App. – Fort Worth 1986, n.r.e.).

8. Am Jur 2d Libel and Slander§302 states as follows:

> Publications made in the course of actions necessarily preliminary to judicial proceedings are absolutely privileged. The doctrine of absolute privilege applies to defamatory statements made in the institution or conduct of litigation or in conferences or other communications preliminary to litigation. Under the Restatement 2d, Torts, an absolute privilege is extended to communications to witnesses preliminary to or part of a judicial proceeding .... Communications made in preparation of trial to witnesses or, in some instances, to potential witnesses may be absolutely privileged ...

9. Cavazos' communications with her attorney are privileged and irrelevant. Cavazos' statements made during depositions or in pleadings are irrelevant. Further, when Cavazos and her husband discussed with Maldonado jointly hiring an attorney this conversation is irrelevant. This conversation concerning hiring an attorney along with all other statements made in the course of pursuing judicial relief are privileged and do not bar Cavazos from remedy and thus are irrelevant.

**Respectfully Submitted,**

David A. Sibley
**Attorney At Law**
P.O. Box 9610
Corpus Christi, Texas 78469-9610
(361) 882-2377 — Telephone
(361) 692-0142 — Telecopier
State Bar No. 18337600
Federal I.D. 10053
ATTORNEY-IN-CHARGE FOR **MARIA CAVAZOS**

# CERTIFICATE OF SERVICE

On Sunday, December 3, 2000, I served this as follows:

**VIA TELECOPY NO. (361) 887-2177**
Chriss Rodriguez
Attorney For Defendants

David A. Sibley

4