# United States District Court
# Southern District of Texas
# Corpus Christi Division

United States District Court
Southern District of Texas
FILED

DEC 0 4 2000

MICHAEL N. MILBY CLERK

Maria Cavazos

vs.

Wal-Mart Stores, Inc.
Wal-Mart Stores East, Inc.
Wal-Mart Associates, Inc.

No. 00-34
[Jury Requested]

## BRIEF ON QUALIFIED PRIVILEGE

To the Honorable Court:

Maria Cavazos respectfully files this Brief on the qualified privilege.

### Reckless Disregard for Truth

1. A statement is not within a qualified privilege if made with "actual malice," and in this context "actual malice" includes "reckless disregard for the truth." **TRT Development v. Meyers**, 15 S.W.3d 281 (Tex. App. – Corpus Christi 2000); **Wal-Mart Stores v. Odem**, 929 S.W.2d 513 (Tex. App. – San Antonio 1996 (this case also arose out of the Wal-Mart Falfurrias Store); **Wal-Mart v. Muniz**, 200 Tex. App. Lexis 2186 (Tex. App. – Corpus Christi March 31, 2000).

2. Wal-Mart was found to have actual malice in **Wal-Mart Stores v. Odem**, 929 S.W.2d 513 (Tex. App. – San Antonio 1996) where a greeter accused a young lady of shoplifting:

> Saenz testified that she first saw Odem when Odem was about to exit the store. Saenz had not seen Odem enter the store, nor was Saenz aware of Odem's presence in any area of the store. Saenz had no reasonable basis for believing Odem even went near the clothing department nor did she even know whether the suspected item was clothing.... Saenz admitted that at the time of the confrontation with Odem she had a doubt about the presence of a shirt in Odem's purse, but nevertheless, made up her mind to deliberately confront Odem about the suspected item.

1

3. This evidence was held sufficient to support a finding of "actual malice." Reckless disregard has been defined as "a high degree of awareness of probable falsity, or that **the defendant in fact entertained serious doubts as to the truth of his publication**." **Dewald v. Home Depot**, 2000 Tex. App. Lexis 5757 (Tex. App. – Corpus Christi August 25, 2000). **See also Randall's Food Markets v. Johnson**, 891 S.W.2d 640 (Tex. 1995) (A statement is made with actual malice when the statement is made with knowledge of its falsity or with reckless regard for its truth); **Wal-Mart v. Lane**, 2000 Tex. App. Lexis 4396 (Tex. App. – Corpus Christi 2000) (Actual malice requires sufficient evidence to permit the conclusion defendant in fact entertained serious doubts as to truth).

### Improper Recipient of Commiunication

4. The qualified privilege applies only as long as the communication passes only to persons having an interest or duty in the matter to which the communications relate. If the communications go outside the group with a duty or interest in the investigation, the privilege is lost. This includes management and personnel. **Wal-Mart v. Muniz**, 200 Tex. App. Lexis 2186 (Tex. App. – Corpus Christi March 31, 2000). This generally would not include customers or employees at large. **Dewald v. Home Depot**, 2000 Tex. App. Lexis 5757 (Tex. App. – Corpus Christi August 25, 2000). **See also Randall's Food Markets v. Johnson**, 891 S.W.2d 640 (Tex. 1995) (The privilege remains in tact as long as communications pass only to persons having an interest or duty in the matter).

### Improper Purpose of Communication

5. The qualified privilege does not apply when the communication is made for an improper purpose. This would be to uphold the interest or duty at issue. A statement made to make an example of an employee and intimidate other employees is not made for a proper purpose. **Dewald v. Home Depot**, 2000 Tex. App. Lexis 5757 (Tex. App. – Corpus Christi August 25, 2000).

2

Respectfully Submitted,

_____
**David A. Sibley**
**Attorney At Law**
P.O. Box 9610
Corpus Christi, Texas 78469-9610
(361) 882-2377 — Telephone
(361) 692-0142 — Telecopier
State Bar No. 18337600
Federal I.D. 10053
ATTORNEY-IN-CHARGE FOR **MARIA CAVAZOS**

## CERTIFICATE OF SERVICE

On Sunday, December 3, 2000, I served this as follows:

### VIA TELECOPY NO. (361) 887-2177

Chriss Rodriguez
Attorney For Defendants

_____
David A. Sibley

3