United States District Court
Southern District of Texas
FILED

DEC 0 4 2000

MICHAEL N. MILBY CLERK

**United States District Court
Southern District of Texas
Corpus Christi Division**

**Maria Cavazos**

vs.

**Wal-Mart Stores, Inc.
Wal-Mart Stores East, Inc.
Wal-Mart Associates, Inc.**

No. 00-34
[Jury Requested]

## Second Proposed Jury Charge

To the Honorable Court:

    Maria Cavazos purposes the following jury charge in view of the final pretrial conference and additional research following the final pretrial conference.

Respectfully Submitted,

*/s/ David Sibley*

**David A. Sibley
Attorney At Law**
P.O. Box 9610
Corpus Christi, Texas 78469-9610
(361) 882-2377 — Telephone
(361) 692-0142 — Telecopier
State Bar No. 18337600
Federal I.D. 10053
ATTORNEY-IN-CHARGE FOR **MARIA CAVAZOS**

1

## CERTIFICATE OF SERVICE

On Sunday, December 3, 2000, I served this as follows:

### VIA TELECOPY NO. (361) 887-2177
Chriss Rodriguez
Attorney For Defendants

_____
David A. Sibley

2

## Question No. 1

Did Wal-Mart slander Maria Cavazos?

Slander occurs if and only if:

1. Wal-Mart makes a defamatory statement concerning Maria Cavazos;

2. Wal-Mart communicates the statement to a third person; and

3. The communication of the statement is either intentional or negligent.

A statement is defamatory if it affects the person injuriously in his office, profession, or occupation, or if imputes criminal conduct to the person.

Any statement made in the course of a Court or a Texas Workforce Commission proceeding is absolutely privileged and may not serve as the basis for slander.

Wal-Mart is responsible only for statements made by its managers and employees acting within the scope of their duties and statements that its management ratified.

Answer "Yes" or "No:" _____

3

If you answered Question No. 1 "Yes," answer Question No. 2. Otherwise, stop and answer no more questions.

## Question No. 2

Does a qualified privilege exist?

A qualified privilege exists unless:

1. Wal-Mart made the statements at issue with reckless disregard for truth,

2. Wal-Mart communicated the statements at issue to persons with no interest or duty regarding the investigation of the missing money,

3. Wal-Mart made the statements for the purpose of making an example of Maria Cavazos or to intimidate other employees.

Answer "Yes" or "No:" _____

4

If you answered Question No. 2 "No." answer this question. Otherwise, stop and answer no more questions.

## Question No. 3

Did Maria Cavazos consent to, authorize, procure, or invite the slander you have found?

Answer "Yes" or "No:" _____

5

If you answered Question No. 3 "No." answer this question. Otherwise, stop and answer no more questions.

## Question No. 4

What sum of money, if paid now in cash, would fairly and reasonably compensate Maria Cavazos for her injuries, if any, that proximately resulted from the occurrence in question?

Consider only the elements of damages listed below. Consider each element separately. Do not include damages for one element in any other element. Do not include interest in any amount.

Answer in Dollars and Cents, if any:

**Damage to Reputation:** _____

**Past Mental Anguish:** _____

**Future Mental Anguish:** _____

**Past Lost Income:** _____

**Future Lost Income:** _____

6

## Question No. 5

If you answered Question No. 4, answer this question.

Do you find by clear and convincing evidence that the harm you have found Wal-Mart caused Maria Cavazos resulted from malice?

Malice is defined as:

An act or omission by Wal-Mart:

i) which, when viewed objectively from the standpoint of Wal-Mart at the time of its occurrence involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and

ii) of which Wal-Mart had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others.

Wal-Mart is responsible only for statements made by its managers and employees acting within the scope of their duties and statements that its management ratified.

Answer "Yes" or "No:" _____

7

## Question No. 1

What sum of money, if any, should be assessed against Wal-Mart and awarded to Maria Cavazos as exemplary damages for the slander you have found?

Exemplary damages means any damages awarded as a penalty or by way of punishment. Exemplary damages include punitive damages.

In determining the amount of exemplary damages, if any, you should consider evidence, if any, relating to:

- a) The nature of the wrong;
- b) The character of the conduct involved.
- c) The degree of culpability of the wrongdoer.
- d) The situation and sensibilities of the parties concerned.
- e) The extent to which such conduct offends a sense of justice or propriety.
- f) The net worth of Wal-Mart Stores, Inc.

Answer in Dollars and Cents, if any: _____