United States District Court
Southern District of Texas
FILED

DEC 07 2000

MICHAEL N. MILBY CLERK

# United States District Court
# Southern District of Texas
# Corpus Christi Division

**Maria Cavazos**

vs.

**Wal-Mart Stores, Inc.**
**Wal-Mart Stores East, Inc.**
**Wal-Mart Associates, Inc.**

No. 00-34
[Jury Requested]

## Court's Charge to the Jury

MEMBERS OF THE JURY:

Now that you have heard all of the evidence and the argument of counsel, it becomes my duty to give you the instructions of the Court concerning law applicable to this case.

It is your duty as jurors to follow the law as I shall state it to you, and to apply that law to the facts as you find them from the evidence in this case. You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole. Neither are you to be concerned with the wisdom of any rule of law stated by me. Regardless of any opinion you may have as to what the law is or ought to be, it would be a violation of your sworn duty to base a verdict upon any view of the law other than that given in the instructions of the Court, just as it would also be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything other than the evidence in the case.

In deciding the facts of this case you must not be swayed by bias or prejudice or favor as to any party. Our system of law does not permit jurors to be governed by prejudice or sympathy or public opinion. Both the parties and the public expect that you will carefully and impartially consider all of the evidence in the case, follow the law as stated by the Court, and reach a verdict regardless of the consequences.

1

This case should be considered and decided by you as an action between persons of equal standing in the community, and holding the same or similar stations in life. A corporation is entitled to the same fair trial at your hands as is a private individual. All persons, including corporations, stand equal before the law and are to be dealt with as equals in a court of justice.

As stated earlier, it is your duty to determine the facts, and in so doing you must consider only the evidence I have admitted in the case. The term evidence includes the sworn testimony of the witnesses and the exhibits admitted in the record.

Remember that any statement, objections, or arguments made by the lawyers are not evidence in the case. The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing, to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls the case. What the lawyers say is not binding upon you.

So, while you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in the case.

You may consider either direct or circumstantial evidence. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact. When a witness testifies as to facts of his own knowledge, matters which he saw and heard, knowledge which came to him by virtue of his own senses or his own observations, this is direct evidence. "Circumstantial evidence" is proof of a chain of facts and circumstance indicating the occurrence or existence of other facts and circumstance. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It requires only that you weigh all the evidence admitted in the case.

Now, I have said that you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to his testimony. In weighing the testimony of a witness you should consider his relationship to the Plaintiff or to the Defendant; his interest, if any in the outcome of the case; his manner in

testifying; his opportunity to observe or acquire knowledge concerning the facts about which he testified; his candor, fairness and intelligence; and the extent to which he has been supported or contradicted by other credible evidence. You may, in short, accept or reject the testimony of any witness in whole or in part.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or nonexistence of any fact. You may find that the testimony of a smaller number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

A witness may be discredited or "impeached" by contradictory evidence, by a showing that he testified falsely concerning a material matter, or by evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witness present testimony.

If you believe that any witness has been so impeached, then it is your exclusive province to give the testimony of that witness such credibility or weight, if any, as you may think it deserves.

The burden of proof is on the Plaintiff in a civil action such as this to prove every essential element of that claim by a "preponderance of the evidence." A preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more likely true than not true. In other words, to establish a claim by a "preponderance of the evidence" merely means to prove that the claim is more likely so than not so.

In determining whether any fact in issue has been proved by a preponderance of the evidence, the jury may consider the testimony of all the witnesses, regardless of who may have called them, and all the exhibits received in evidence, regardless of who may have produced them. If the proof should fail to establish any essential element of Plaintiff's claim by a preponderance of the evidence, the jury should find for the Defendant as to that claim.

In this case, Maria Cavazos claims Wal-Mart slandered her. Slander occurs if and only if 1) Wal-Mart made a defamatory statement, 2) Wal-Mart communicated the defamatory statement to a third person, and 3) The Communication of the statement was either intentional or negligent.

A statement is defamatory if it affects the person injuriously in his office, profession, occupation, or if it imputes criminal conduct to the person. The precise words used are not important. The correct issue is the message communicated. A statement is not defamatory if it is true.

If an employer negligently puts an employee in a position where the employee is required to disclose a defamatory statement by the employer to a potential new employer in a job application, the employer is considered to have communicated the defamatory statement to the potential new employer, even though the employee actually spoke or wrote the defamatory words.

Any statement made in the course of a Court or a Texas Workforce Commission proceeding is absolutely privileged and may not serve as the basis for slander.

Wal-Mart is responsible only for statements and actions made by its managers and employees acting within the scope of their duties and statements that its management ratified.

"Negligence" means the failure to use reasonable care, that is, failing to do that which a person of ordinary prudence would have done under the same or similar circumstances or doing that which a person of ordinary prudence would not have done under the same or similar circumstances.

Wal-Mart is entitled under the law to reasonably investigate accusations of employee wrongdoing, and statements made by Wal-Mart in the course of such an investigation are generally protected by a qualified privilege. However, a qualified statement does not protect statement if 1) the statements were made with reckless disregard for truth, 2) the statements were made to persons with no interest or duty regarding the investigation, or 3) the statements were made for the purpose of making an example of Maria Cavazos or to intimidate other employees.

Wal-Mart claims the defense of consent. This simply means that Maria Cavazos cannot recover for slanderous statements by Wal-Mart that she consented to, authorized, or invited.

If you find Wal-Mart slandered Maria Cavazos and Wal-Mart's statements were not within its qualified privilege and Maria Cavazos did not consent to, authorize, procure, or invite the slander you have found, she is entitled to recover an amount sufficient to reasonably and fairly compensate her for her injuries if any proximately caused by the slander.

In considering the issue of Maria Cavazos' damages, if any, you are instructed that you should assess the amount you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for all of the Plaintiff's damages, no more and no less. Damages are not allowed as a punishment and cannot be imposed or increased to penalize the Defendant. Neither

can damages be based on speculation because it is only actual damages -what the law calls compensatory damages - that are recoverable. On the other hand, compensatory damages are not restricted to actual loss of time or money; they cover both the mental and physical aspects of injury tangible and intangible. They are an attempt to restore the Plaintiff, that is, to make her whole or as she was immediately prior to this injuries. You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence, and no others: 1) Damage to Reputation, 2) Past and Future Mental Anguish, and 3) Past and Future Lost Income. There is no exact standard for fixing the compensation to be awarded on account of damage to reputation and mental anguish. Any such award should be fair and just in light of the evidence.

"Proximate cause" means that cause which, in a natural and continuous sequence, produces an event, and without which cause such event would not have occurred; and in order to be a proximate cause, the act or omission complained of must be such that a person using ordinary care would have foreseen the event, or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event.

In order to make a reasonable adjustment of the present use, interest free, of money representing a lump-sum payment of anticipated future loss, the law requires that the jury discount, or reduce to its present worth, the amount of the anticipated future loss by taking (1) the interest rate or return which the Plaintiff could reasonably be expected to receive based on the rate of interest prevailing at this time in Corpus Christi, on an investment of the lump-sum payment, together with (2) the period of time over which the future loss is reasonably certain to be sustained; and then reduce, or in effect deduct from, the total amount would be reasonably certain to earn or return, if invested at such rate of interest over such future period of time; and include in the verdict an award for only the present worth, the reduced amount, of the total anticipated future loss. In considering any element of damage to be experienced in the future you are instructed that you should not take into account any possible effect of present or future inflation one way or another.

However, Maria Cavazos is not entitled to recover any amount for any condition resulting from the failure, if any, of her to have acted as a person of ordinary prudence would have done under the same or similar circumstances to avoid injuries, if any, that resulted from the occurrence in question.

5

Of course, the fact that I have given you instructions concerning the issue of Maria Cavazos' damages should not be interpreted in any way as an indication that I believe Maria Cavazos should or should not prevail in this case. You are the judges of the facts.

Maria Cavazos claims Wal-Mart acted with malice. Malice is defined as an act or omission by Wal-Mart i) which, when viewed objectively from the standpoint of Wal-Mart at the time of the occurrence involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and ii) of which Wal-Mart had actual subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others. Wal-Mart is responsible only for the acts and omissions by its managers and employees acting within the scope of their duties and statements that its management ratified.

Your verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree thereto. In other words, your verdict must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement if you can do so without violence to individual judgment. Each of you must decide the case yourself, but only after an impartial consideration of all the evidence in the case with your fellow jurors. In the course of your deliberation do not hesitate to re-examine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

When you retire to the jury room to deliberate on your verdict, you may take this charge with you as well as exhibits which the Court has admitted into evidence. Select your Presiding Juror and conduct your deliberations. If you recess during your deliberations, follow all of the instructions that the Court has given you about/on your conduct during the trial. After you have reached your unanimous verdict, your Presiding Juror is to fill in on the form your answers to the questions. Do not reveal your answers until such time as you are discharged, unless otherwise directed by me. You must never disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at any time, please give a written message or question to the marshal, who will bring it to me. I will then respond as promptly as possible either in writing or by having you brought into the courtroom so that I can address you orally. I will always first disclose to the attorneys your question and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the case unless the Court orders otherwise. You may now retire to the jury room to conduct your deliberations.

ORDERED this 7th day of December, 2000.

JANIS GRAHAM JACK
UNITED STATES DISTRICT JUDGE

7