United States District Court
Southern District of Texas
FILED

DEC - 7 2000

MICHAEL N. MILBY
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

MARIA CAVAZOS                    }
                                 }
VS.                              }        C.A. NO. C-00-034
                                 }
WAL-MART STORES, INC.,           }
WAL-MART STORES EAST, INC. and   }
WAL-MART ASSOCIATES, INC.        }

**VERDICT FORM**

December 7, 2000
Date

Paul H Cox
Presiding Juror

# Question No. 1

Did Wal-Mart slander Maria Cavazos?

Slander occurs if and only if:

1. Wal-Mart makes a defamatory statement concerning Maria Cavazos;

2. Wal-Mart communicates the statement to a third person; and

3. The communication of the statement is either intentional or negligent.

A statement is defamatory if it affects the person injuriously in his office, profession, or occupation, or if imputes criminal conduct to the person. The precise words used or not important. The correct issue is the message communicated. A statement is not defamatory if it is true.

If an employer negligently puts an employee in a position where the employee is required to disclose a defamatory statement by the employer to a potential new employer in a job application, the employer is considered to have communicated the defamatory statement to the potential new employer, even though the employee actually spoke or wrote the defamatory words.

Any statement made in the course of a Court or a Texas Workforce Commission proceeding is absolutely privileged and may not serve as the basis for slander.

Wal-Mart is responsible only for statements made by its managers and employees acting within the scope of their duties and statements that its management ratified.

Answer "Yes" or "No:"   _No_____

If you answered Question No. 1 "Yes," answer Question No. 2.

Otherwise, stop and answer no more questions.

## Question No. 2

Does a qualified privilege exist?

A qualified privilege exists unless:

1. Wal-Mart made the statements at issue with reckless disregard for truth,

2. Wal-Mart communicated the statements at issue to persons with no interest or duty regarding the investigation of the missing money,

3. Wal-Mart made the statements for the purpose of making an example of Maria Cavazos or to intimidate other employees.

Answer "Yes" or "No:" _____

If you answered Question No. 2 "No." answer this question.

Otherwise, stop and answer no more questions.

### **Question No. 3**

Did Maria Cavazos consent to, authorize, procure, or invite the slander you have found?

Answer "Yes" or "No:" _____

If you answered Question No. 3 "No." answer this question.

Otherwise, stop and answer no more questions.

### Question No. 4

What sum of money, if paid now in cash, would fairly and reasonably compensate Maria Cavazos for her injuries, if any, that proximately resulted from the occurrence in question?

Do not include any amount for any condition resulting from the failure, if any, of Maria Cavazos to have acted as a person of ordinary prudence would have done under the same or similar circumstances to avoid injuries , if any, that resulted from the occurrence in question.

Consider only the elements of damages listed below. Consider each element separately. Do not include damages for one element in any other element. Do not include interest in any amount.

Answer in Dollars and Cents, if any:

Damage to Reputation: _____

Past and Future Mental Anguish: _____

Past and Future Lost Income: _____

## <u>Question No. 5</u>

If you answered Question No. 4, answer this question.

Do you find by clear and convincing evidence that the harm you have found Wal-Mart caused Maria Cavazos resulted from malice?

Malice is defined as:

An act or omission by Wal-Mart:

    i)    which, when viewed objectively from the standpoint of Wal-Mart at the time of its occurrence involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and

    ii)   of which Wal-Mart had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others.

Wal-Mart is responsible only for acts and omissions made by its managers and employees acting within the scope of their duties and statements that its management ratified.

Answer "Yes" or "No:" _____ ,